Tommy Powell CALVERLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 48599.

Court of Criminal Appeals of Texas.

June 19, 1974.

Rehearing Denied July 17, 1974.

George R. Milner, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder a police officer under Article 1160a, Vernon's Ann.P.C.; the punishment, life.

This is a joint trial of appellant and one Kruse. Only appellant's appeal is before us here.

The evidence reflects that appellant and his co-defendant Kruse entered a wholesale grocery company and with pistols attempted to rob the persons there employed. When they were unable to secure any money, the two fled and were pursued for a distance. When overtaken, the shooting which is the basis for this prosecution occurred.

Appellant by his first ground of error contends that his cross examination of Officer Melton was unduly limited. He asserts that this deprived him of his constitutional right to confrontation with the witnesses against him. Officer Melton testified that he encountered a red pickup during the course of its flight, pursued it until it was brought to a halt, and then disarmed and arrested appellant and his companion Kruse after they left the pickup. On cross examination Melton was questioned about his location at the time he first saw the pickup and replied that it was at the corner of Alexander and Lamar Streets. He was then questioned as to whether or not he was on the Southwest or the Northwest corner of such intersection, at which time the court interrupted with the question, "Counsel, don't you think you have gone into what's on every corner of those blocks out there long enough?" When counsel disagreed, the court then directed him to cease this type of inquiry and proceed with his questions as to where "this man" went. No error is shown, and this is especially true since appellant made no showing by bill of exception or otherwise as to what questions he wanted to propound and the answers he expected therefrom. Hicks v. State, Tex.Cr.App., 493 S.W.2d 833, 836.

Ground of error two complains of the comment of the trial court on the weight of the evidence. No objection was interposed to such comment, and nothing is presented for review. Jenkins v. State, Tex.Cr.App., 488 S.W.2d 130.

In ground of error number three appellant complains of the failure of the trial court to grant his motion for severance.

In appellant's motion, filed on the day the trial began, appellant alleged that co-defendant Kruse had a prior admissible conviction; that a joint trial would be prejudicial to him; and that his defense

would be antagonistic to and inconsistent with the defenses relied upon by co-defendant Kruse.

No evidence was offered in support of the motion when it was filed. At the time the motion was presented and refused, there was no showing that the trial court was apprised of the nature of the prior conviction referred to in the motion or of the alleged inconsistent defenses. There was no allegation or proof that appellant had no prior convictions.

■ Under Article 36.09, Vernon's Ann.C.C.P., severance is no longer a matter of right, but rests in the discretion of the trial judge. Sonderup v. State, Tex. Cr.App., 418 S.W.2d 807. Appellant failed to bring himself within the mandatory provisions of Article 36.09, supra. Robinson v. State, Tex.Cr.App., 449 S.W.2d 239. Appellant, therefore, had to bring himself within the provision that "a joint trial would be prejudicial." This provision is addressed to the discretion of the trial judge.

At the close of the State's · case during the guilt stage of the trial, co-defendant Kruse's counsel called him to testify. At that time appellant's counsel re-urged his motion to sever on the grounds that Kruse's testimony was antagonistic and inconsistent to his defense and would effectively deny him of his right to remain silent by forcing him to respond to Kruse's testimony. The trial court overruled this motion.

Co-defendant Kruse testified that appellant gave him a lift in a red pickup near the scene of their arrest, ·and that he returned the officer's fire with a pistol which he found in the glove compartment of the pickup, not knowing that the person shooting at the pickup was in fact an officer. We find nothing in this testimony that would add to the testimony of 11 of the State's witnesses who had testified to the actions of this appellant.

Following Kruse's testimony, appellant re-urged his motion and asked for a mistrial.

Since appellant did not testify, we are not impressed with his contention that Kruse's testimony was inconsistent and antagonistic to his defense. Appellant has not by offer of proof or otherwise shown what defense he might have given. We cannot agree that Kruse's testimony in any way shifted the blame from Kruse to appellant as far as the assault on the officer was concerned.

It is appellant's novel contention that Kruse's testimony was so blatantly false as to insult the intelligence of the jury to the appellant's injury. This objection was not made known to the trial court and cannot be relied upon on appeal.

■■ Under the circumstances presented here, no abuse of discretion in denying the severance is shown. In view of the nature of co-defendant Kruse's testimony, we find no error in the action of the trial court in overruling the motion for mistrial. Robinson v. State, supra.

■ Ground of error four complains of the admission of an alleged extraneous offense. Such evidence consisted of proof that appellant and his companion had committed an attempted robbery at a place of business immediately prior to their fleeing, during the course of which they shot at the policeman who was pursuing them and . which was the basis for the instant prosecution. This evidence shows that appellant was in the process of escaping from the scene of the robbery when this assault occurred and the entire transaction was admissible as part of the res gestae. Gonzales v. State, Tex.Cr.App., 492 S.W.2d 263; Waffer v. State, Tex.Cr.App., 500 S. W.2d 659; Hodge v. State, Tex.Cr.App., 506 S.W.2d 870.

Ground of error number five complains of the admission of the testimony of Officer Barber that at the conclusion of the chase he found a certain bottle on the ap-

pellant's person which he carried to the police narcotics bureau.

■ There can be little question but that the officer who pursues one who is fleeing from an attempted robbery and who is shooting at officers during his flight has probable cause to search the person of the would-be robber once he is apprehended.

There was no evidence or proof presented that the bottle found on appellant did in fact contain narcotics. Neither the bottle nor the contents were introduced into evidence. Officer Barber described how he arrested appellant and seized the pistol appellant was holding. After a series of questions and answers concerning the pistol, the testimony which is complained of took place:

"Q (by prosecutor) Did you recover any other property?

A (Officer Barber) A pair of gloves and sun glasses and gray felt hat and some narcotics.

MR. MC LAUGHLIN (Defense Counsel): Your Honor, I object to this testimony by the witness that the State has been instructed about eliciting matters concerning extraneous transactions and violated the order of the Court. I like to ask the Court to instruct the Jury to—

THE COURT: Counselor, the Court does not consider this a violation of the —this is not an extraneous transaction. I overrule your objection.

MR. MC LAUGHLIN: Note our exception, Your Honor."

Subsequently, in the same testimony, we find the following:

"Q (prosecutor) Did you place any other item of property in the property room? Did you recover any other items other than the automatic, the clip,

the dark glasses, the hat from Calverley?

A (Officer Barber) Yes, sir, I did.

Q What was that?

A A small Excedrin bottle with some capsules and tablets in it.

Q Okay, now, you are not qualified to testify with regard to what was in those capsules or tablets, are you?

A No, sir, I took them to narcotics."

No objection was made to this testimony. On cross examination of Officer Barber, the following occurred:

"Q (defense counsel) Officer Barber, where did you find that Excedrin bottle?

A The left front trouser pocket."

■ We do not find that the testimony reflects an extraneous offense. The testimony concerning what happened to the bottle was not objected to. In any event, we find that the circumstances presented here are covered by the rule set out in Lassere v. State, Tex.Cr.App., 458 S.W.2d 81:

"All of the facts and circumstances surrounding the commission of the offense on the occasion in question are admissible and may be considered by the jury not only on the question of guilt, but in determining the punishment to be assessed." 1 Branch's Ann.P.C.2d, Sec. 1962.

See Dillard v. State, Tex.Cr.App., 434 S.W.2d 126. No error is shown.

■ Grounds of error number six and seven complain that the prosecutor was permitted to ask leading questions. In Hill v. State, 144 Tex.Cr.R. 57, 161 S.W.2d 80, this Court said:

"Asking harmless leading questions is not commended; yet, we note that the

courts seldom reverse a case because questions are leading."

See also Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606; Tucker v. State, Tex.Cr. App., 461 S.W.2d 630; Navajar v. State, Tex.Cr.App., 496 S.W.2d 61.

Finding no reversible error, the judgment is affirmed.

ODOM and ROBERTS, JJ., concur in the results.