**Seyed Ramezan MOOSAVI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–01105–CR.**

Court of Appeals of Texas,
Dallas.

March 20, 1984.

Rehearing Denied May 22, 1984.

S. Michael McColloch, David W. Coody, Michael J. Wilson, Michael R. Hoffman, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Lown, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, VANCE and SHUMPERT, JJ.

VANCE, Justice.

The appellant's motion for rehearing is granted. Our former opinion is withdrawn, and the following is now our opinion.

Appeal is from a conviction for murder on the appellant's plea of guilty. The jury assessed the punishment at ninety years' confinement and the imposition of a $5,000 fine. Appellant contends that the trial court erred (1) in accepting the plea of guilty, and (2) in excluding testimony concerning appellant's state of mind. We disagree, and thus, affirm.

In ground of error one the appellant contends that the trial court erred in accepting his plea of guilty because the record does not reflect that such plea was made knowingly and intelligently. The appellant more specifically complains that the trial court failed: (1) to inform or question the appellant about his rights against self-incrimination; (2) to have the State prove its case beyond a reasonable doubt; (3) to inform him of his right to confront the witnesses against him; and (4) of the right to present evidence in his own behalf. As it relates to a plea of guilty before a jury, TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1984), in pertinent part, provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

\* \* \* \* \* \*

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

The record reflects that the appellant was admonished as to the correct range of punishment for the offense of murder. Further, during the admonishments the court determined that the appellant had consulted with counsel; that he was pleading guilty because he was in fact guilty; that he was not threatened or coerced to make such plea; that he was pleading guilty freely and voluntarily; that he knew he had a right to plead not guilty and thereby force the State to prove what was in the indictment and that he was willingly giving up that right; that he understood the charge and the nature of the proceedings, and was able and willing to aid his attorneys in his defense; and that he was competent.

The record further shows that the State did prove its case beyond a reasonable doubt, and that the appellant did voluntarily testify in his own behalf and present other witnesses on his behalf. The appellant did have the opportunity to confront the witnesses against him. Appellant relies on *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for the contention that the court was required to admonish the appellant as to his privilege against compulsory self-incrimination. *Boykin,* however, can be distinguished. In *Boykin,* the record was silent, prompting the court to assert that "[W]e cannot presume a waiver of ... important federal rights from a silent record." Here, the record is not silent. The record shows that the appellant was present when the court, outside the presence of the jury, ruled that it would grant the appellant's motion to have the State instructed not to make "any comment directly or indirectly on ... Defendant's failure to testify." During the voir dire of the jury panel, in the appellant's presence, the court instructed the panel "a defendant in any criminal case has a right to testify if he so chooses but he has the right not to testify if he chooses to do that...." Appellant's counsel informed the panel:

... the Defendant in a criminal case does not have to testify. He can exercise his right under the fifth amendment not to take the stand and the Judge in those cases instructs the members of the Jury, his failure to take the stand should not be considered for any purpose but I will tell you that Mr. Moosavi will take the witness stand and subject himself to cross examination of course, by the members of the State and by the prosecution team. So, we can put that along with the issue of guilt right out of the way and at the beginning of this case and say Mr. Moosavi will testify.

The record shows that the evidence was sufficient without the appellant's testimony. Appellant had able counsel at his trial, and he does not contend that his counsel

had not advised him of his rights regarding self-incrimination. The record shows that the appellant was aware of his rights and the trial court was under no duty, under the facts of this case, to further inform the appellant that he did not have to testify. *Newell v. State,* 461 S.W.2d 403, 404 (Tex. Cr.App.1970). We hold that the admonitions complied with the requisites of article 26.13. There has been no affirmative showing that the appellant was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court as provided in article 26.13(c). The record reflects no objection to the admonishment. No reversible error is present. *Jamail v. State,* 574 S.W.2d 137, 139–140 (Tex.Cr.App.1978) (*en banc*).

 Appellant further contends that the trial court erred in excluding testimony of a psychiatrist concerning the appellant's state of mind at the time of the offense, which, as appellant contends, was offered in mitigation of punishment. Appellant did not perfect a bill of exception or offer proof to show what the psychiatrist's testimony would have been. Under such circumstances, nothing is presented for review. *Passmore v. State,* 617 S.W.2d 682, 685 (Tex.Cr.App.1981). Appellant in his motion for rehearing contends that he made *"a specific offer"* as to what the excluded evidence would show, in full compliance with TEX.CODE CRIM.PROC. ANN. art. 40.09, § 6(d)(1) (Vernon Supp. 1984). During the examination of Doctor Griffith, the psychiatrist, the following occurred:

> MR. WILSON (Defense Counsel): Doctor Griffith, you said that at the time of the offense, it was your opinion that the Defendant was legally capable of conforming his conduct to the rules of law or to the legal statutes. Do you have an opinion as to whether or not he was emotionally—
>
> MR. MILLER (Prosecutor): Same objection, Your Honor, it invades the province of the jury.
>
> MR. WILSON: Judge can I finish the question before he objects to it, please?

> THE COURT: One at a time. Let him finish the question and then I will rule on it.
>
> MR. MILLER: Well, Your Honor, may we approach the bench?
>
> THE COURT: Come up.
>
> (At which the following discussion was had at the Court's bench outside the hearing of the jury):
>
> MR. MILLER: We have been instructed outside the presence of the jury, and he is attempting, obviously, to ask the same question and is going back into the state of mind—
>
> THE COURT: Get this real clear right now, I don't want anything from this witness as to what his emotional state was at the time of the offense. I granted the Motion in Limine on that, and I am not going to allow it.
>
> MR. MILLER: For purpose of the record, I would like the record to reflect, the State asked the question, "Could intoxication have anything to do with the commission of this offense"—
>
> MR. WILSON: I think that opens it up. We should be allowed to, because it has been opened up, you know, the state of mind is brought into it and we should be allowed to go into it.
>
> THE COURT: I will instruct you that I don't want testimony as to what the State of emotion or the state of mind was—
>
> MR. WILSON: <u>I believe the answer to Dr. Griffith's question would be that the defendant was acting under the influence of sudden passion arising from the relationship with the girl and seeing his best friend embracing her and we offer it for the purpose of going into what the state of mind was that opened up by asking about the issue of intoxication.</u>
>
> THE COURT: I will sustain the objection to it because I think that is going into the defendant's state of mind.

The above underlined quoted statement by appellant's counsel is what he now claims was "a specific offer" preserving error under article 40.09, § 6(d)(1). Appellant, having been interrupted by the State's objec-

tion, never did complete the question to Doctor Griffith. Therefore, the trial court was never informed of the question that appellant was referring to when he made his "specific offer" and stated "I believe the answer to Dr. Griffith's question...." Where an appellant contends that his examination of a witness has been unduly limited, nothing is preserved for review unless the record shows what questions he wanted to propound and the answers he expected therefrom. *Barnett v. State*, 615 S.W.2d 220, 223 (Tex.Cr.App.1981), *appeal dism'd*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); *Toler v. State*, 546 S.W.2d 290, 295 (Tex.Cr.App.1977); *Calverley v. State*, 511 S.W.2d 60, 61 (Tex.Cr.App.1974). No error is presented for review.

The judgment is affirmed.