**Arthuro Zayas JIMENEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Arthuro Zayas JIMENEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 10–85–085–CR, 10–85–086–CR.**

Court of Appeals of Texas,
Waco.

Oct. 17, 1985.

Randy Adler, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Kathleen A. Walsh, Asst. Dist. Atty., Dan Hagood, Asst. Dist. Atty., Paul Macaluso, Asst. Dist. Atty., Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

These are two appeals by Defendant Jimenez from two convictions for delivery of a controlled substance for which he was assessed 15 years and 1 day in the Texas Department of Corrections in Cause No. 10–85–085–CR and 5 years in the Texas Department of Corrections in Cause No. 10–85–086–CR.

On May 31, 1984, Officer Robert C. Mitchell of the Narcotics Division of the Dallas Police Department, while working undercover, went to the Circle Inn Motel in South Dallas in an attempt to make a drug buy. Officer Mitchell testified that the Circle Inn Motel is known as a place where many drug transactions occur. Acting on

information that some individuals were dealing drugs in Room 305, Officer Mitchell went to Room 305 in an attempt to purchase drugs. Several police officers were waiting a couple of blocks away to assist Officer Mitchell and his partner if he was able to make a purchase. Officer Mitchell found no one in Room 305, and as he was walking down the stairs to leave, he was approached by a black man who asked him if he had gotten what he wanted. Officer Mitchell replied that he had not and told the man that he wanted to buy some cocaine. The man then took Officer Mitchell to Room 304 and knocked on the door. Defendant answered the door and ushered Officer Mitchell and the black man inside. The black man told Defendant that Officer Mitchell wanted some cocaine. There were several other people in the motel room, including Francisco Acosta who Officer Mitchell had previously arrested for drug trafficking. After receiving Acosta's nod of approval of the sale to Officer Mitchell, Defendant asked Officer Mitchell how many capsules he wanted. Officer Mitchell purchased one capsule of cocaine at that time.

Officer Mitchell then returned to his partner who was waiting downstairs. They left and arranged with the back-up officers to make a buy-bust at Room 304 if Officer Mitchell and his partner were able to effectuate another transaction. Officer Mitchell and his partner returned to Room 304, where Defendant once again answered the door. Officer Mitchell then told Defendant that they wanted eight more capsules, while holding the cash in his hand. Defendant went to another individual in the room who counted out eight capsules and gave them to Defendant. Defendant then tore a piece of brown paper sack, wrapped the cocaine inside, and handed it to Officer Mitchell. When the officers opened the door to leave, the back-up officers entered and arrested the individuals inside the motel room, including Defendant.

Defendant was indicted and convicted on two counts of delivery of a controlled substance. Defendant appeals on one identical ground of error in each of the two cases.

Defendant's sole ground of error asserts: "The trial court erred in preventing defense counsel the opportunity to fully cross-examine Officer Mitchell with regards to the prior arrest of Francisco Acosta".

"When a defendant contends that his cross-examination of a witness has been unduly limited, nothing is preserved for review unless the record shows by bill of exception or otherwise what questions he wanted to propound and the answers he expected therefrom". *Barnett v. State,* 615 S.W.2d 220 (Tex.Cr.App.1981); *Toler v. State,* 546 S.W.2d 290 (Tex.Cr.App.1977); *Calverley v. State,* 511 S.W.2d 60 (Tex.Cr.App.1974). Defendant has failed to preserve any error for review.

Defendant's ground in each of his briefs is overruled.

BOTH CASES AFFIRMED