**Seyed Ramezan MOOSAVI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 715–84.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1986.

S. Michael McColloch, David W. Coody, Dallas, for appellant.

Henry Wade, Dist. Atty., and Michael Klein, Ruth Lown, Richard Miller and Kevin Bryne, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

After pleading guilty to the offense of murder appellant was sentenced to ninety years' incarceration in the Texas Department of Corrections and a $5,000 fine.

The Dallas Court of Appeals affirmed appellant's conviction, holding, inter alia, that appellant did not properly preserve his

error for appeal under Art. 40.09, § 6(d)(1), V.A.C.C.P. *Moosavi v. State*, 671 S.W.2d 572 (Tex.App.—Dallas 1984). We granted appellant's petition for discretionary review in order to determine whether appellant properly preserved error for appeal under Art. 40.09, Sec. 6(d)(1), V.A.C.C.P.

During the punishment phase of trial appellant sought to elicit the testimony of Dr. Clay Griffith, a psychiatrist, concerning appellant's state of mind at the time of the offense, offered for mitigation of punishment. The following occurred during the examination of Dr. Griffith:

BY MR. WILSON [Appellant's attorney]:

Q. Doctor Griffith, you were asked if alcohol had anything to do with the commission of this crime. The question I have for you is after your examination of Moosavi, do you have some opinion as to what caused him to do what he did on that night?

MR. MILLER [State's attorney]: Judge, same objection.

THE COURT: And the same ruling.

MR. MILLER: It invades the province of the jury.

THE COURT: I will sustain the objection.

BY MR. WILSON:

Q. Doctor Griffith, you said at the time of the offense, it was your opinion that the defendant was legally capable of conforming his conduct to the rules of the law or to the legal statutes. Do you have an opinion as to whether or not he was emotionally—

MR. MILLER: Same objection, Your Honor, it invades the province of the jury.

MR. WILSON: Judge, can I finish the question before he objects to it, please?

THE COURT: One at a time. Let him finish the question and then I will rule on it.

MR. MILLER: Well, Your Honor, may we approach the bench?

THE COURT: Come up.

(At which time the following discussion was had at the Court's bench outside the hearing of the jury.)

MR. MILLER: We have been instructed outside the presence of the jury, and he is attempting, obviously, to ask the same question and is going back into the state of mind—

THE COURT: Get this real clear right now, I don't want anything from this witness as to what his emotional state was at the time of the offense. I granted the Motion in Limine on that, and I am not going to allow it.

.      .      .      .      .

MR. WILSON: *I believe the answer to Dr. Griffith's question would be that the defendant was acting under the influence of sudden passion arising from the relationship with the girl and seeing his best friend embracing her* ...

THE COURT: I will sustain the objection to it because I think that is going into the defendant's state of mind.

The Court of Appeals held that appellant's reading into the record of Griffith's expected testimony, had he been allowed to testify, did not constitute an offer of proof under Art. 40.09, § 6(d)(1), V.A.C.C.P., and, thus, no error was preserved for appeal. This holding was based on the Court of Appeals' belief that the question sought to be asked must also be in the record in order to preserve error. We do not agree.

Appellate courts review and correct trial court error. To enable them to do this the error must be properly preserved during trial so that a complete record of the error can be reviewed on appeal. One available statutory method for preserving such error is by offer of proof. One purpose of an offer of proof is to provide the appellate court with the content of excluded testimony so that any error resulting from the exclusion may be corrected on appeal. See Art. 40.09, Sec. 6(d)(1), V.A.C.C.P.; Black's Law Dictionary (Fifth Edition 1983).

Art. 40.09, § 6(d)(1), V.A.C.C.P., reads in relevant part:

... The Court, in its discretion, may allow an offer of proof *in the form of a concise statement by the party offering the same of what the excluded evidence would show,* to be made before the reporter out of the presence of the jury ..., and in the event the record containing transcription of the reporter's notes showing such an offer of proof *the same shall be accepted on appeal as establishing what such excluded testimony or other evidence would have consisted of had it been admitted into evidence.* (emphasis added).

The commentary to Art. 40.09, reads in relevant part:

... The court may allow the offering party to make a concise statement of what the excluded evidence would show and the same shall be accepted on appeal as establishing what such excluded evidence would have been.

■ Nowhere in the statute or commentary is it required that the offer of proof be in question and answer form. The statute requires a "concise statement ... of what the evidence would show." This is exactly what is found in the record. Appellant, out of the presence of the jury, recited the evidence he expected to have elicited from his witness. Such a procedure directly meets the requirements of the statute and we see no reason why it should not qualify as an offer of proof such that any existing error regarding the excluded testimony is properly preserved for appeal. The appellate court's requirement of a certain form for offers of proof adds a requirement missing from the statute and elevates form over substance in the critical area of preservation of error. The entire purpose of Art. 40.09 was to dispense with the technicalities of the prior law. See Commentary, Art. 40.09, V.A.C.C.P.

The Court of Appeals in the instant case based its holding that no offer of proof was made on *Barnett v. State,* 615 S.W.2d 220 (Tex.Cr.App.1981) and *Calverley v. State,* 511 S.W.2d 60 (Tex.Cr.App.1974). In those cases this Court seems to suggest that the questions should also be included in order to preserve error. However, each case involved a defendant who made no attempt to preserve error by bill of exception or offer of proof, and both cases focus on the bill of exception, the primary method of preserving error allowed by Art. 40.09, § 6(d)(1). Further, in *Barnett,* supra, and *Calverley,* supra, the trial court limited the defendant's cross-examination. Cross-examination is a circumstance where the questions to be asked may be just as important as the answers to be received. In the instant case the trial court limited appellant's attorney's direct examination. In any case, to the extent that they are in conflict *Barnett* and *Calverley* are overruled.

The vast majority of cases dealing with Art. 40.09, Sec. 6(d)(1) impose no formal requirements on offers of proof. For example, in *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App.1981), the defendant failed to make a bill of exception or offer of proof. This Court held that no error was preserved because "[a]ppellant did not ... proffer proof to show what Chambers' testimony would have been." *Passmore,* supra, at 685. Nowhere in *Passmore,* supra, is it required that offers of proof be in question and answer form.

Similarly, in *Toler v. State,* 546 S.W.2d 290 (Tex.Cr.App.1977), the defendant failed to make a bill of exception or offer of proof "to show what the testimony would have been if she had been permitted to elicit such answers." *Toler,* supra at 295. The Court held no error was preserved but did not require that an offer of proof be in question and answer form. See also *Riles v. State,* 595 S.W.2d 858 (Tex.Cr.App.1980); *Chambers v. State,* 568 S.W.2d 313 (Tex.Cr.App.1978); *Ross v. State,* 523 S.W.2d 402 (Tex.Cr.App.1975); *Stein v. State,* 514 S.W.2d 927 (Tex.Cr.App.1974); *Garcia v. State,* 513 S.W.2d 82 (Tex.Cr.App.1974); *Davison v. State,* 510 S.W.2d 316 (Tex.Cr.App.1974).

Finally, in *Cook v. State,* 646 S.W.2d 952 (Tex.Cr.App.1983), this Court allowed an offer of proof similar to that made in the instant case. The defendant's attorney did

not indicate the questions he intended to ask, but only the substance of the answers he expected to receive. See also *Marrero v. State,* 500 S.W.2d 818 (Tex.Cr.App.1973).

The State argues that the recitation in the instant case did not constitute an offer of proof because the record does not reflect that the trial judge knew that an offer was being made. This argument is belied by the record. It is clear from the colloquy in the trial court that the trial judge knew precisely what he was excluding. It is likewise clear to an appellate court.

 In a case, such as the instant one, where the question itself is not objectionable but, rather the expected testimonial response, it serves no purpose to require an offer of proof to contain the questions to be asked. This is especially true where the subject matter of the question is evident.

Accordingly, the judgment of the Court of Appeals is reversed and the cause remanded to the Court of Appeals for review of appellant's ground of error.