The STATE of Texas, Appellant,

v.

Carol Ann KANAPA, Appellee.

No. 01–89–00639–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1990.

Jonathan Munier, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

On June 1, 1979, upon appellee's plea of nolo contendere without an agreed recommendation from the State, the trial court found appellee, Carol Ann Kanapa, guilty of misdemeanor theft. The trial court sentenced appellee to 30 days confinement in the Harris County jail and a fine of $250 and probated the sentence for a period of six months, after which time appellee was discharged from probation, having successfully complied with its terms and conditions.

Approximately 10 years later, on May 26, 1989, appellee filed an application for writ of habeas corpus, claiming she made her plea involuntarily because she did not know, at the time of her plea, the applicable range of punishment. After a hearing, the trial court entered an order declaring the judgment of guilty, void. The State gave written notice of appeal.

In a cross-point, appellee asserts that this Court has no jurisdiction because the State has no right of appeal in this post-conviction writ of habeas corpus case. We earlier denied appellee's motion to dismiss this appeal based on the same arguments advanced by appellee in her cross-point.

In *State v. Kanapa*, 778 S.W.2d 592, 593–94 (Tex.App.—Houston [1st Dist.] 1989, no pet.), we held that when the trial court voided appellee's previous judgment of guilt, the trial court modified the previous judgment entered against appellee, resulting in an order appealable by the State under Tex.Code Crim.P.Ann. art. 44.01(a) & (b) (Vernon 1987). We overrule appellee's cross-point.

In her affidavit in support of her application for writ of habeas corpus, appellee stated that "at the time I entered my plea to the Court, I had not been informed by anyone of the applicable range of punishment nor did I personally know that was the applicable range of punishment to the crime charged." However, at the habeas corpus hearing, appellee had no independent recollection of specific conversations with her attorney prior to entering her plea. The attorney who represented her when she entered her nolo contendere plea also had no independent recollection of any conversations with appellee during the course of his representation. He testified, however, that as a matter of routine and practice, he admonished all clients of the range of punishment they faced prior to entering a plea. The testimony from appellee and her attorney reflects an inability on their part to specifically recall the events of June 1, 1979, when appellee pled nolo contendere.

The State, in its first point of error, contends that the trial court erred when it declared the judgment rendered against appellee void, because "there is no basis in law for imposing a requirement that the record affirmatively reflect that a misdemeanor defendant was admonished as to the range of punishment."

In its second point of error, the State contends that the trial court abused its discretion when it declared appellee's conviction void, because "there was no evidence to show that appellee was not admonished as to the range of punishment so as to render her plea involuntary as a matter of law."

The first question presented is whether failure to inform a misdemeanant of the possible range of punishment renders the defendant's plea of nolo contendere invalid and involuntary in a case where the defendant is given probation and, in fact, never serves jail time.

Article 26.13 of the Texas Code of Criminal Procedure, which sets forth the requisite admonishments to a defendant by a trial court upon a plea of guilty or nolo, and includes the "range of punishment" admonishment, is applicable only to felonies. *Johnson v. State*, 614 S.W.2d 116, 120 (Tex.Crim.App.1981) (op. on reh'g); *Nash v. State*, 591 S.W.2d 460, 463 (Tex.Crim.App.1980); *Ex parte Davis*, 748 S.W.2d 555, 559 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); Tex.Code Crim.P. Ann. art. 26.13 (Vernon 1989). In *Johnson v. State*, Judge Teague wrote:

> However commendable it may be for a trial judge to admonish one accused of a misdemeanor offense, as he must where a person is charged with a felony, *see* Article 26.13, V.A.T.C.C.P. ... there is no requirement in Texas Law for a trial court to admonish an accused person of *anything* if the offense is classified as a misdemeanor.

614 S.W.2d at 120 n. 1 (emphasis added).

In *McMillan v. State*, 703 S.W.2d 341 (Tex.App.—Dallas 1985), *rev'd*, 727 S.W.2d 582 (Tex.Crim.App.1987), the Dallas Court of Appeals recognized that no admonishment of a misdemeanor defendant is required under Texas *statutes*, but held that *due process of law* requires an admonishment of the maximum term of imprisonment where the sentence includes imprisonment. The court acknowledged that due process does not require that the trial judge *personally* inform the defendant of the punishment range on the record, but it held that the record must affirmatively show the defendant did know the applicable range of punishment. 703 S.W.2d at 344. The Court of Criminal Appeals reversed the Dallas court, specifically stating it was not determining whether such an admonishment is constitutionally required, holding instead, in that particular case, there was evidence such an admonishment had been given. 727 S.W.2d at 584.

The present case is distinguishable from the *McMillan* case in that *McMillan* was a direct appeal by a defendant actually imprisoned for a misdemeanor offense. The present case is a collateral attack, brought 10 years after the judgment, involving a sentence of probation that was fully complied with and discharged, with no jail time having ever been served. Even if the *McMillan* due process holding is correct, we find it is not applicable to the present case.

We hold that, under the facts of this case, even if the record clearly showed appellee was not aware of the maximum term of imprisonment to which she was subject at the time she entered her plea of nolo contendere, such circumstance would not render her plea invalid and involuntary. We sustain the State's point of error one. It is, therefore, unnecessary to address point of error two.

█ We note that the record indicates the trial judge's rationale in reaching his decision to void the judgment. The judge stated on the record that the district clerk's letter of disposition incorrectly showed a final conviction, and that it did not indicate that probation was granted or terminated successfully. Although the district clerk may have erred in his letter by not indicating that appellee had successfully served her probation, voiding the judgment is not the proper way to correct the error. During the applicable period of time in 1979, the Misdemeanor Probation Act was set out in Tex.Code Crim.P.Ann. art. 42.13 (Vernon 1979), which provided in relevant part:

> Sec. 4. (a) When a defendant is granted probation under the terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, [unless the probation is subsequently revoked.]

> (b) The court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court. The court shall also note the period and terms of the probation, and the details of the judgment. The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Article.

> . . . .

Sec. 7. (a) When the period and terms of a probation have been satisfactorily completed, the court shall, upon its own motion, discharge him from probation and enter an order in the minutes of the court setting aside the finding of guilty and dismissing the accusation or complaint and the information or indictment against the probationer.

(b) After the case against the probationer is dismissed by the court, his finding of guilty may not be considered for any purpose except to determine his entitlement to a future probation under this Act, or any other probation Act.

After appellee satisfactorily served the terms of her probation, the trial court, on December 31, 1979, entered an order setting aside the finding of guilt, dismissing the complaint and information, and discharging appellee from probation.

If the district clerk's records do not reflect the truth, appellee may properly seek to have them corrected. However, we hold that the 1979 proceedings were not void, and that the trial court erred in entering its order declaring the June 1, 1979 judgment to be void.

We reverse. The judgment in cause number 556266 is hereby ordered reinstated.