Kurt Wayne TATUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 821–88.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 14, 1990.

On Rehearing Nov. 14, 1990.

Michael B. Charlton, Charles F. Baird (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Pam Derbyshire, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of involuntary manslaughter and a jury assessed punishment at a term of eight years and a $5000.00 fine. Both the fine and prison term were probated at the jury's recommendation. The conviction was affirmed on direct appeal in an unpublished opinion. *Tatum v. State*, No. A14–86–00889–CR, 1988 WL 46369 (Tex.App.—Houston [14th], delivered May 12, 1988). On original submission we refused appellant's petition for discretionary review but later granted his motion for rehearing on a single ground to determine whether the Court of Appeals correctly decided appellant failed to introduce evidence in support of his motion in limine regarding admission of a prior conviction at the punishment stage of his trial. We will reverse the judgment of the appeals court and remand the case to that court for further review consistent with this opinion.

The record reflects appellant filed a motion in limine prior to trial wherein he requested in pertinent part:

> That the State nor any of its witnesses mention, allude to, or suggest in any manner, that the defendant has been previously convicted of any misdemeanor offense(s) as the said offense(s) are void for all purposes under the holdings of *Samudio v. State*, 648 S.W.2d 312 (Tex. Cr.App.1983) and/or *McMillan v. State*, 702 [703] S.W.2d 341 (Tex.App.—Dallas 1985).

A hearing was held on appellant's motion on October 10, 1986. After some preliminary maneuvering, the following interchange was made between the defense, prosecution and the trial court:

> *Counsel:* May we do this by way of proof and support of our motion in limine in issue. We have raised McMillan versus State that if Kurt Wayne Tatum testified he will testify that prior to taking the plea in Cause No. 702,498 that he was not admonished by the judge in that court, that being County Court at Law No. 7 of Harris County, Texas. If he testified that would be his testimony. Is that all right with you?
>
> *Prosecutor:* Yeah.
>
> *Counsel:* Will you accept that proof?
>
> *The Court:* If it is agreeable with the State.
>
> *Prosecutor:* Yes, sir.
>
> *Counsel:* Also I would like to prove my own testimony that in seven years of practicing criminal law, certified criminal law specialist that in Harris County Criminal Courts at Law, none of the judges of those courts admonish the defendant upon their pleas of guilty—excuse me, I'm sorry, as to the range of punishment applicable to an offense before they enter those pleas. Ask the Court to accept my proof of that testimony as well.
>
> *The Court:* Be so recognized.

The motion was denied and the punishment stage of trial proceeded. On direct appeal, appellant argued the trial court improperly allowed the State to admit proof of an earlier D.W.I. conviction. Specifical-

ly, appellant reiterated his contention the prior conviction was void because he had not been admonished of the range of punishment by the trial judge in that case. In one short paragraph and without discussing the merits of the argument, the Court of Appeals summarily disposed of the claim:

> By collaterally attacking his earlier conviction, Tatum assumes the burden of showing that it was void. *See Acosta v. State*, 650 S.W.2d 827, 828–29 (Tex.Cr. App.1983); *Ex parte Guzman*, 589 S.W.2d 461, 464 (Tex.Cr.App.1979); *Gill v. State*, 646 S.W.2d 532–533–34 (Tex. App.—Houston [1st Dist.] 1982, no pet.). *Tatum did not introduce evidence that he was not informed of the range of punishment before his guilty plea.* The trial court therefore correctly considered the past conviction valid. Appellant's seventh point of error is overruled.

Slip opinion at p. 9., (emphasis supplied).

█ It is a basic tenet of appellate practice that error must be preserved at trial for purposes of appeal. As Judge White wrote in one recent case: "[T]he cases are legion in which appellants have lost appeals for lack of preservation of error due to counsel's failure to request the opportunity to make an offer of proof." *Spence v.*

*State*, 758 S.W.2d 597 (Tex.Cr.App.1988), citing *Easterling v. State*, 710 S.W.2d 569 (Tex.Cr.App.1986); *Passmore v. State*, 617 S.W.2d 682 (Tex.Cr.App.1981); *Toler v. State*, 546 S.W.2d 290 (Tex.Cr.App.1977). *See also* Tex.R.Crim.Evid. 103.[1] and cases cited therein. Thus, we have said the right to make an offer of proof or perfect a bill of exception is absolute where evidence is excluded by ruling of the trial court. *Spence*, supra. Prior to the Rules of Appellate Procedure taking effect on September 1, 1986, this right was statutorily guaranteed under Article 40.09, V.A.C.C.P. *Now see* Tex.R.App.P. 52(b).[2] Pursuant to that statutory authority, this Court has held a defendant is not limited to one method of showing what excluded testimony would have been. *Gutierrez v. State*, 764 S.W.2d 796 (Tex.Cr.App.1989); *Moosavi v. State*, 711 S.W.2d 53 (Tex.Cr.App.1986). Art. 40.09, supra, did appear to envision a question and answer format, providing the trial court with the discretion to allow a party to make his offer in the form of a "concise statement." This Court interpreted the statute in a common-sense manner, refusing to place technicality above reasoning. Unless it made sense to require a question and answer form, as when the offer concerned questions desired to be

---

1. Rule 103 states in pertinent part:

   (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

   (1) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

   (b) Record of offer and ruling. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may, or at the request of a party shall, direct the making of an offer in question and answer form.

2. Tex.R.App.P. 52(b) provides for the preservation of appellate complaints by an informal offer of proof:

   When the court excludes evidence, the party offering same shall as soon as practicable, but before the court's charge is read to the jury, be allowed to make, in the absence of the

   jury, an offer of proof in the form of a concise statement. The court may, or at the request of a party shall, direct the making of the offer in question and answer form. A transcription of the reporter's notes showing the offer, *whether by concise statement or question and answer*, showing the objections made, and showing the ruling thereon, when included in the record certified by the reporter, shall establish the nature of the evidence, the objections and the ruling. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made and the ruling. No further offer need be made. No formal bills of exception shall be needed to authorize appellate review of the question whether the court erred in excluding the evidence. When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections. (emphasis supplied).

asked on cross-examination, *see Barnett v. State*, 615 S.W.2d 220 (Tex.Cr.App.1981) and *Calverley v. State*, 511 S.W.2d 60 (Tex. Cr.App.1974), we found the form of a "concise statement" to be proper. *Moosavi*, supra.

Rule 52, on the other hand, provides an offer shall be in the form of a "concise statement" *unless* a party requests a question and answer format. The trial court may also direct the making of the offer in question and answer form just as under Art. 40.09, supra, with this exercise of discretion subject to review by the appellate courts. Notwithstanding the ability of a party or the court to require the question and answer form, the rule clearly favors the concise statement when practical. Our reading of the rule and its precursor statute reflects a continuing concern with abstaining from hyper-requirements of form over substance.

Rule 52 and its predecessor statute illustrate how an offer of proof may be made upon a trial court's decision to *exclude*, evidence. In the instant case, the offer was made not in response to a ruling of exclusion; rather, the defense made its offer of proof *in support* of the motion to exclude mention of certain prior convictions. However, in terms of the propriety of preserving the issue for appellate review, we believe one situation is logically analogous to the other. In the first instance, the offer consists of evidence excluded from consideration in the case which is viewed by the proffering party as support for its position, theory or strategy for preserving error. In the latter situation, the offer also consists of supporting evidence, the only difference being that such evidence was accepted in lieu of more protracted testimony on the issue. When the underlying purpose of an offer of proof is considered—to preserve for appellate review such evidence supporting a particular material issue or claimed error which would otherwise be waived—it becomes clear that the practice of making formal or informal offers of proof is equally applicable to either situation.

Without reaching the merits of appellant's point of error, the Court of Appeals summarily rejected the claim because appellant "failed" to introduce any evidence showing he had not been admonished of the range of punishment before pleading guilty in the earlier proceeding. Based upon the record before us, we cannot agree. As we can see from that portion of the record set out *ante*, appellant through his attorneys made what was termed "proof", consisting of two short and concise statements outlining what the testimony would consist of if permitted. The record also reflects that both attorneys and trial judge were aware of the purpose for reading the statements into the record. The State was not a passive participant in the proceeding; the prosecutor affirmatively and without qualification told the court he would accept the statements as proof. Any argument to the contrary at this juncture is without merit.

The statements offered as "proof" follow the spirit and provisions of *Gutierrez* and *Moosavi*, and by pertinent analogy, Rule 52(b). They constitute some evidence of that sought to be proven. Given the type of evidence involved here, the "concise statement" form was proper and sufficient to preserve appellant's point for appeal. *Gutierrez*, supra. By summarily disposing of this point of error, the appeals court did not reach the merits of the claim. We therefore reverse the judgment of the Court of Appeals and remand this cause to that court for review of the merits of appellant's point of error number seven.

CLINTON, J., believing that Rule 52(b) is not implicated by the colloquy between trial judge and counsel, joins only the judgment of the Court.

BERCHELMANN and STURNS, JJ., not participating.