IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-018-CR





PAULA LOONEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY



NO. 345,316, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING



 




 Appeal is taken from a conviction for the misdemeanor offense of driving while
intoxicated. See Tex. Rev. Stat. Ann. art. 6701l (West 1992). Trial was before the court upon
a plea of not guilty. Punishment was assessed at twenty days confinement and a fine of two
hundred dollars.

 Appellant asserts two points of error. In her first point of error, appellant contends
the court erred in refusing to allow her expert witness to testify regarding the effects of allergic
reactions. In her remaining point of error, appellant urges the court erred in viewing a videotape
in private in violation of the constitutional requirement that all trials be public. We overrule
appellant's points of error and affirm the judgment of the trial court.

 Mark Romick and Doris Sohns identified appellant as the person behind the wheel
of an automobile that crashed through their garage door on the night of August 29, 1990. Both
Romick, a bartender for seventeen years, and Sohns expressed the opinion that appellant was
intoxicated.

 Troopers Larry Martin and Micki Harkins of the Texas Department of Public
Safety investigated the collision. Following sobriety tests and interviews, the officers placed
appellant under arrest. Both Martin and Harkins expressed opinions that appellant was too
intoxicated to be driving an automobile. After appellant was arrested, she became ill and was
taken to a hospital by emergency medical personnel.

 Appellant's defensive theory was that the symptoms viewed as evidence of
intoxication were caused by an allergic reaction to ant bites. Under cross-examination by defense
counsel, Trooper Martin stated he was "told it was some sort of allergic reaction" that required
medical attention for the appellant. Appellant further directs our attention to the testimony of
Trooper Harkins that she (Harkins) was aware that "she [appellant] had been bitten by ants."

 Appellant's first point of error is directed to the court's action in sustaining the
State's objection to the testimony of osteopathic physician Walter Tyron. Dr. Tyron testified that
he had four years experience as an emergency room physician during which time he had treated
individuals with allergic reactions. Following the State's objection that the doctor's testimony was
not relevant, defense counsel advised the court, "[W]e are attempting to show that there would
be an explanation that would rule out intoxication." After determining that Dr. Tyron had not
examined the appellant on the occasion in question, the court sustained the State's objection. The
following colloquy ensued between the court and defense counsel:



MS. DELONG [defense counsel]: So, Your Honor, you will not allow testimony regarding the effects of the allergic reaction to the ant bites?


THE COURT: No, because so far there is no evidence in the record that
this was an allergic reaction that happened. We don't have
EMS testimony or any physician's testimony that examined
her that night.



 Appellant correctly points out that the fact that an expert medical witness did not
have personal knowledge gained from examining a patient does not render his testimony
inadmissible. See Tex. R. Crim. Evid. 703 (West 1992); Duckett v. State, 797 S.W.2d 906, 920
(Tex. Crim. App. 1990). However, the assumptions in the hypothetical question asked the expert
must be based on facts within the personal knowledge of the witness, or facts assumed from
common or judicial knowledge or facts supported by the evidence. Pyles v. State, 755 S.W.2d
98, 118 (Tex. Crim. App. 1988).

 When evidence is excluded by a court, it is incumbent upon the party offering the
evidence to make an offer of proof either in the form of a concise statement or, at the request of
the court or either party, in question and answer form. See Tex. R. App. P. 52(b); Tatum v.
State, 798 S.W.2d 569, 571 (Tex. Crim. App. 1990). In Spence v. State, 758 S.W.2d 597, 599
(Tex. Crim. App. 1988), the court stated:



[A] defendant has the right to make an offer of proof or perfect a bill in order to
preserve excluded testimony for appeal. In fact, the cases are legion in which
appellants have lost appeals for lack of preservation of error due to counsel's
failure to request the opportunity to make an offer of proof. [citations omitted].



 The court's action in sustaining the objection in the instant cause had the effect of
excluding the testimony from consideration by the trial court. Defense counsel did not request
an opportunity to make an offer of proof or a bill of exception for the purpose of appeal. While
it may be urged that defense counsel's statements to the court may permit inferences as to the
nature of the excluded testimony, we believe that Rule 52(b) requires more than speculation as to
the content of the proffered testimony. For us to conclude that the doctor's testimony would
reflect that an ant bite victim would suffer allergic reactions such as those related by the witnesses
who saw the appellant on the occasion in question would require us to engage in nothing less than
conjecture. We believe that Rule 52(b) requires a more positive rendition of what would have
been shown by the excluded testimony. Appellant's first point of error is overruled.

 The private viewing of a videotape by the court forms the basis of appellant's
second point of error. Appellant's motion to suppress was directed in part to verbal statements
made by her in a videotape taken by the officers at the time of her arrest. More specifically,
appellant asked that statements made by her in response to the officers' interrogation be excluded
along with any statements she may have made after she was read her rights and declined to give
an interview. The videotape was not available for viewing at the pretrial hearing. The court
advised counsel that it would view the tape prior to trial if counsel wished or counsel could meet
with the court and view it. The court advised counsel that they should get together and discuss
what they wanted to do. Following announcements of ready for trial, the court stated that it had
viewed the tape and granted the defense motion to exclude the matters complained of in the motion
to suppress.

 No objection was voiced by the appellant in the trial court to the court's action in
viewing the tape. Constitutional rights may be waived by failure to object at trial. See Briggs v.
State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Appellant received all the relief she
requested in her motion to suppress. Absent an adverse ruling, no error is preserved for review. 
See Lusher v. State, 573 S.W.2d 539, 543 (Tex. Crim. App. 1978).

 The matter of the admissibility of the statement made by the appellant in the
videotape was considered at the pretrial hearing. Defense counsel presented appellant's position
in support of the motion to suppress. There is no suggestion that the videotape was not available
for viewing at trial. Nor was there any denial of appellant's right to make any additional
objections to the contents of the tape. We perceive no violation of the appellant's right to a public
trial under the First, Sixth and Fourteenth Amendments. Appellant's second point of error is
overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Affirmed

Filed: September 23, 1992

[Do Not Publish]




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).