Kurt Wayne TATUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 1175–91.

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1993.

Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Alan Curry, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was indicted for the offense of involuntary manslaughter. A jury found him guilty of that offense, and trial proceeded to punishment, before the jury. At the outset of the punishment hearing, out of the presence of the jury, appellant objected to the State's proffer of evidence of a prior misdemeanor conviction for the offense of driving while intoxicated. Pursuant to appellant's self-styled "motion in limine," the following exchange occurred:

"[DEFENSE COUNSEL]: ... We have raised McMillan versus State that if [appellant] testified he will testify that prior to taking the plea in Cause No. 702,498 that he was not admonished by the judge in that court, that being County Criminal Court at Law No. 7, of Harris County, Texas. If he testified that would be his testimony.

. Is that all right with you?
[PROSECUTOR]: Yeah.
[DEFENSE COUNSEL]: Will you accept that proof?
THE COURT: If it is agreeable with the State.
[PROSECUTOR]: Yes, sir.
[DEFENSE COUNSEL]: Also I would like to prove my own testimony that in seven years of practicing criminal law, certified criminal law specialist that in Harris County Criminal Courts at Law, none of the judges of those courts admonish the defendant upon their pleas of guilty—excuse me, I'm sorry, as to the range of punishment applicable to an offense before they enter those pleas. Ask the Court to accept my proof of that testimony as well.
THE COURT: Be so recognized."

The trial court overruled appellant's objection to the prior driving while intoxicated offense, and it was admitted at the punishment phase. The jury ultimately assessed an eight year sentence, probated.

On appeal it was contended, *inter alia*, that the trial court erred in admitting the prior D.W.I. conviction. Appellant claimed that because the trial court at the D.W.I. plea proceeding failed to admonish him of the range of punishment for that offense, his conviction is void, and hence unavailable as evidence in his current prosecution for involuntary manslaughter. In an unpublished opinion the Fourteenth Court of Appeals declined to reach the merits of this claim on the basis of procedural default. *Tatum v. State*, Tex.App.—Houston [14th], No. A14–86–00889–CR, delivered May 12, 1988, 1988 WL 46369. On petition for discretionary review this Court reversed the court of appeals and sent the cause back to that court to review appellant's contention on the merits. *Tatum v. State*, 798 S.W.2d 569 (Tex.Cr.App.1990).

On remand, the court of appeals rejected appellant's contention on the merits. *Tatum v. State*, 821 S.W.2d 238 (Tex.App.— Houston [14th] 1991). Appellant relied upon the Dallas Court of Appeals' opinion in *McMillan v. State*, 703 S.W.2d 341 (Tex. App.—Dallas 1985). *McMillan* had held that, although Article 26.13(a), V.A.C.C.P., mandating judicial admonishment of range of punishment in a guilty plea, applies to felonies only, federal due process requires that in misdemeanors the record at least establish that the accused was informed of the maximum penalty to which he is susceptible.[1] *McMillan* was a direct appeal. The court of appeals rejected appellant's reliance upon *McMillan* on the strength of the opinion of the Houston First Court of Appeals in *State v. Kanapa*, 795 S.W.2d 36 (Tex.App.—Houston [1st] 1990, no pet.). The court of appeals construed *Kanapa* to hold that *"McMillan* is inapplicable in a case where the [accused] is collaterally attacking a prior misdemeanor conviction in which probation was assessed and successfully completed and no jail time had ever been served." *Tatum v. State*, 821 S.W.2d at 240, citing *Kanapa*, supra, at 38. Because appellant had been placed on probation in the prior D.W.I., and successfully served out the probationary term, the court of appeals held that he could not collaterally attack it in his prosecution for involuntary manslaughter. We granted appellant's petition for discretionary review to examine this holding. Tex.R.App.Pro., Rule 200(c)(2).

The First Court of Appeals' opinion in *Kanapa* is, to say the least, a puzzlement. Kanapa was prosecuted for misdemeanor theft in 1979. She successfully completed a term of probation, and, pursuant to the language of the misdemeanor probation statute, Article 42.13, § 7, V.A.C.C.P., as it read at that time, the conviction was set aside and the accusation dismissed. Ten years later Kanapa brought an application for writ of habeas corpus in the convicting court, collaterally attacking her 1979 theft conviction on the ground that the trial court failed to admonish her of the applicable range of punishment. The trial court granted relief, and the State appealed. The court of appeals reversed, opining:

"that, under the facts of this case, even if the record clearly showed appellee was not aware of the maximum term of imprisonment to which she was subject at the time she entered her plea of nolo contendere, such circumstance would not render her plea invalid and involuntary."

*Kanapa*, supra, at 38. The court of appeals went on to explain that under the terms of the misdemeanor probation statute as it read in 1979, the "finding of guilty" should have been set aside and the "information" dismissed once Kanapa successfully completed her probationary period. This was in fact done, although the district clerk's records to that effect were apparently less than clear. The court of appeals concluded:

"If the district clerk's records do not reflect the truth, [Kanapa] may properly seek to have them corrected. However, we hold that the 1979 proceedings were not void, and that the trial court erred in entering its order declaring the [misdemeanor theft] judgment to be void."

*Kanapa*, supra, at 39.

The exact import of *Kanapa* is not clear. It appears to us that the court of appeals believed that, the information having been dismissed pursuant to the misdemeanor probation statute as it existed in 1979, there was nothing more to be gained by declaring the judgment void for lack of a record admonishment as to range of punishment. That is not a particularly linear rationale for holding that Kanapa's guilty plea to the misdemeanor theft conviction was not "invalid and involuntary."[2] But

---

1. This Court reviewed the court of appeals' opinion in *McMillan* on petition for discretionary review. We held that, contrary to the court of appeals' finding, McMillan was adequately informed on the record of the maximum punishment, so that the federal due process requirement, if any, was satisfied. We expressly declined to address the constitutional question. *McMillan v. State*, 727 S.W.2d 582, at 584 (Tex. Cr.App.1987).

2. While setting aside a conviction and dismissing the charging instrument pursuant to former Article 42.13, § 7, supra, might render the ques-

the court of appeals offered no other explanation for this holding. In our view the court of appeals here erred thus to dispose of the instant case on the basis of *Kanapa.*

First, while it appears appellant served out his probation for the prior D.W.I. offense, and never spent time in jail, there is *no indication his plea was ever set aside and the charging instrument dismissed,* pursuant to Article 42.13, § 7, supra.[3] Indeed, as of 1984 it was unlawful for the trial court to set aside a guilty plea for D.W.I., even upon the successful completion of probation. See Acts 1983, 68th Leg., ch. 303, pp. 1600–1601, § 21, eff. January 1, 1984.[4] Absent that factor, the only apparent rationale for the holding in *Kanapa*—that a habeas court need not declare a judgment void if the prosecution has already been dismissed pursuant to Article 42.13, § 7—falls away. With it, we presume, falls the holding itself. In that event, *Kanapa* is no authority for the disposition made by the court of appeals in this case.

█ Second, the court of appeals may have understood *Kanapa* to hold, *ipse dixit,* that a misdemeanor judgment of conviction cannot be collaterally attacked so long as the accused is granted probation and successfully completes it without serving any jail time, *irrespective* of whether the prosecution is later ultimately dismissed

under Article 42.13, § 7, supra. But if that is what *Kanapa* holds, it is in error. A judgment of conviction for a misdemeanor offense may have detrimental collateral consequences whether or not probation is completed without a hitch or jail time is actually served. If a misdemeanor judgment is void, and its existence may have detrimental collateral consequences in some future proceeding, it may be collaterally attacked, whether or not a term of probation was successfully served out. *Ex parte Crosley,* 548 S.W.2d 409 (Tex.Cr. App.1977). See also *Ex parte Renier,* 734 S.W.2d 349, at 353 (Tex.Cr.App.1987). We cannot say, as the court of appeals seems to have done here, that the prior D.W.I. conviction was *not* void simply because appellant completed probation and spent no time in jail.

█ For these reasons we hold that the court of appeals erred to resolve appellant's contention on the basis of *State v. Kanapa,* supra. This holding hardly disposes of the cause, however. Does federal due process dictate that before a guilty plea in a misdemeanor be considered knowingly and intelligently made, the record must reflect a judicial admonishment as to range of punishment? This Court has yet to address that question, see n. 1, *ante,* and it is not plain to us that the court of appeals in this cause necessarily held it does.[5]

tion whether a guilty plea was involuntary moot for most purposes, it could hardly render what was an involuntary plea voluntary.

3. In fact, as the record comes to us it does not contain the exhibits. We therefore do not have before us Exhibit 15, containing the judgment in the prior D.W.I. offense. We know appellant successfully completed his probation for that offense only through the opinion of the court of appeals and the briefs of the parties.

4. There is an allusion in the statement of facts to the effect that the D.W.I. conviction occurred in 1983. The 1983 amendment to Article 42.13, § 7, supra, preventing the trial court from setting aside a guilty plea after successful completion of a term of probation for D.W.I., does not apply to any offense committed before its effective date of January 1, 1984. See Acts 1983, 68th Leg., ch. 303, p. 1607, § 28(b) & (c). At any rate, we do not have the D.W.I. judgment before us, so we cannot say definitively when the offense occurred. See n. 2, *ante.*

5. The Dallas Court of Appeals' opinion in *McMillan* held that the record must affirmatively show an accused pleading guilty in a misdemeanor case *knew* the maximum range of punishment, *not* that the trial court necessarily had to admonish him. It may be, then, that in proving only that the trial court did not admonish him at his prior D.W.I. plea proceeding, appellant failed to establish a violation of due process under the very case he cited. *McMillan* was a direct appeal. Due process does not require the State to prove *in a collateral attack* that a guilty plea was voluntary. The burden may constitutionally be placed on the accused to show in a collateral attack that his plea was *not* voluntary. *Parke v. Raley,* —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). On original submission in this cause the court of appeals correctly declared that the burden of establishing the invalidity of a conviction on collateral attack *is* upon the accused in Texas. See *Tatum v. State,* 798 S.W.2d at 571. By its holding on original submission that appellant "did not in-

Cf. *Ex parte McAtee*, 599 S.W.2d 335 (Tex. Cr.App.1980) (failure of trial court to admonish defendant in felony guilty plea, pursuant to *mandatory statutory language* is "error of a fundamental nature" and hence cognizable, and relief granted, in post-conviction writ of habeas corpus); *McGuire v. State*, 617 S.W.2d 259 (Tex.Cr. App.1981) (although Article 26.13 does not require that accused be allowed to withdraw guilty plea in misdemeanor case where trial court fails to accept prosecutor's recommendation in negotiated plea proceeding, but prosecutor erroneously assured uncounseled accused that he *could* withdraw his misdemeanor plea under those circumstances, plea was "not not made knowingly and voluntarily."). This Court will not. address these questions in the first instance in a petition for discretionary review. E.g., *Lee v. State*, 791 S.W.2d 141 (Tex.Cr.App.1990).

Accordingly, the judgment of the court of appeals is vacated and the cause remanded to that court for further consideration and disposition not inconsistent with this opinion.

BAIRD, J., not participating.

troduce evidence that he was not informed of the range of punishment before his guilty plea[,]" *id.*, the court of appeals may have meant to say appellant failed to establish that he did not *know* the maximum range of punishment for misdemeanor D.W.I., which is what *McMillan* requires. If so, then the court of appeals was correct, at least as a factual matter, notwithstanding anything said in this Court's opinion on appellant's first petition for discretionary review in this cause. But it is not clear to us that the court of appeals meant this. Moreover, it is not inconceivable that, contrary to *McMillan*, due process would require an admonishment *from the trial court*. Appellant has not expressly argued this, however, and we certainly do not hold as much now. These questions are for the court of appeals to decide, if necessary, on remand. See text, *post*.