**Keith Raymond McMILLAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 123–86.**

Court of Criminal Appeals of Texas.

April 8, 1987.

---

Howard Shapiro, Plano, for appellant.

H. Ownby, Dist. Atty. and Roger V. Dickey, Asst. Dist. Atty., McKinney, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with driving while intoxicated, and was convicted on his plea of guilty before the trial court. Punishment was assessed at ten days imprisonment in the Collin County Jail and a $1,200.00 fine. On appeal, appellant's conviction was reversed in a published opinion.

*McMillan v. State,* 703 S.W.2d 341 (Tex. App.–Dallas 1985). The Dallas Court of Appeals held that since the record did not show that appellant was informed as to the range of punishment for the offense with which he was charged, his plea of guilty was not knowingly and intentionally made. We granted the State's petition to consider this ruling by the Court of Appeals. We will reverse the decision of the Court of Appeals.

On appeal to the Dallas Court of Appeals, appellant contended that the taking of his misdemeanor guilty plea should have been accorded the same procedural safeguards as are afforded in the taking of felony pleas. As such, the State should have complied with Art. 26.13, V.A.C.C.P., which requires that before a court accepts a defendant's guilty plea, the court must admonish the defendant as to the range of punishment attached to the offense. In his second point of error, appellant contended that his waiver of constitutional rights was not knowingly and intentionally made, and was thus invalid under Art. I, Sec. 19 of the Texas Constitution, and the Fourteenth Amendment to the United States Constitution.

In response to these contentions, the Court of Appeals noted first, that failure to admonish a defendant charged with a felony of the possible range of punishment renders his guilty plea invalid on constitutional and statutory grounds. The Court went on to find that although many cases have held that the requirements of Art. 26.13, supra, do not apply to misdemeanor pleas, there should be no difference between misdemeanor and felony pleas with regard to the due process requirement that the defendant be advised of the punishment range. Thus, the appellate court held that a guilty plea to a misdemeanor offense is not voluntary if the defendant is not admonished as to the punishment range.

The Dallas Court of Appeals further held that an affirmative showing in the record that the defendant knew the punishment range is constitutionally required in cases where imprisonment is imposed. The precise form of the admonishments may, however, differ from those required by Art. 26.13, supra. There is no constitutional requirement that the trial court personally inform the defendant of the range of punishment: the source of the information is not important so long as the defendant is informed. A printed form signed by the defendant containing the necessary information or a statement directed to the defendant by the prosecutor or defense counsel may be sufficient. As long as the defendant is informed of the punishment range on the record, due process requirements are met.

Applying these holdings to the facts of the instant case, the Dallas Court of Appeals held that the record did not show that appellant was apprised of at least the maximum term of imprisonment to which he would be subjected; thus, appellant's guilty plea was rendered invalid and the case was reversed.

In its petitionary review, the State [1] argues that the record in the instant case does affirmatively show that appellant was informed as to the range of punishment applicable to the offense with which he had been charged. The State directs our attention to the following facts taken from the record:

1. The Court asked appellant if he knew the range of punishment and appellant replied that he did.

2. Appellant signed a written waiver asserting that he 'pleads guilty to the charge knowing the full possible range of punishment' for the charge against him.

3. Appellant was apprised of his rights in a group session (where apparently a number of defendants were informed of

---

1. Two petitions for discretionary review were filed with this Court. The first was from the Collin County Criminal District Attorney and alleged that the Court of Appeals had decided an important question of State law in conflict with applicable decisions of this Court. The State Prosecuting Attorney's Office also filed a petition alleging that the Court of Appeals erred by holding that the record in the instant case failed to affirmatively show that appellant was informed of the punishment range. We granted both petitions to consider the latter issue.

their rights at the same time by the trial court).

4. Following the group session, the trial court asked appellant individually if he understood his constitutional rights, which afforded appellant an opportunity to ask any questions he had. No questions were asked.

The State argues that although the Court of Appeals states that the admonishments may come from different sources, it effectively rejects this holding when it concludes that the facts of the instant case do not affirmatively show that appellant was informed of the punishment range. Thus, despite wording to the contrary, the Court of Appeals is actually ruling that there must be a specific entry in the record showing that the trial court advised appellant of the relevant punishment range. The State then refers this Court to two federal cases which dispense with such a requirement: *Banks v. McGougan*, 717 F.2d 186 (5th Cir.1983) and *Brown v. Jernigan*, 622 F.2d 914 (5th Cir.1980).

Before we address the State's contentions, we must pause to note that this petition was not granted on whether a defendant charged with a misdemeanor offense has a due process right to be informed of the punishment range prior to executing a guilty plea. Thus, the Court of Appeals' findings with regard to a constitutional requirement that the defendant be informed of the punishment range will not be addressed in this opinion. Given the specific issue raised in the State's petition, we will consider only whether this record affirmatively showed that appellant had been informed of the punishment range attendant to the allegations to which he pled guilty.

■■■ With regard to the instant case, we agree with the State that the record shows that appellant was sufficiently informed as to the punishment range. Initially, all parties, including the Dallas Court of Appeals, agree that due process does not require that the trial judge inform the defendant of the punishment range on the record. See *Quiroz v. Wawrzaszek*, 749 F.2d 1375 (9th Cir.1984), *cert. denied*, 471 U.S. 1055, 105 S.Ct. 2119, 85 L.Ed.2d 483 (1985), cited in *McMillan*, supra at 344. As such, we disavow any language, specific or implied, in the Court of Appeals' opinion which would support such a requirement.

Moreover, the record clearly indicates that appellant had been informed of the punishment range. Appellant was advised of his rights with other defendants in court. Next, the Court asked appellant if he knew the range of punishment and appellant replied that he did. Appellant did not ask any questions when given the opportunity to do so, and thereby manifested some understanding of the punishment range. Last, appellant signed a waiver of rights which included a recitation that he knew the full range of punishment possible. We find that this record does affirmatively show that appellant was informed of the punishment range, and the Court of Appeals erred by finding otherwise. We will therefore sustain the State's ground for review.

Appellant raised no other points of error on appeal to the Dallas Court of Appeals. The judgment of the Dallas Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON and TEAGUE, JJ., concur in the result.