**Paul David DRAKE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 6–87–087–CR.

Court of Appeals of Texas, Texarkana.

July 26, 1988.

Terri T. Holder, Angleton, for appellant.

James L. Turner, Asst. Dist. Atty., Angleton, for appellee.

CORNELIUS, Chief Justice.

On his plea of guilty, Paul David Drake was convicted of the misdemeanor offense of driving while intoxicated. Punishment was assessed by the trial judge at 365 days' confinement in jail and a $1,000.00 fine. On appeal, Drake contends that he was provided ineffective assistance of counsel and that he was denied due process of law because he was not properly advised about the consequences of his guilty plea. We overrule these contentions and affirm the judgment.

Drake originally pleaded not guilty. During the testimony of the State's third witness, the court recessed. When the court reconvened, Drake advised the trial judge that he wanted to change his plea and enter a plea of guilty to the charge of driving while intoxicated. As Drake elected to have the court assess punishment, the jury was dismissed and the punishment stage began. The State introduced evidence of several other convictions of Drake for driving while intoxicated and other offenses. The court excluded two of the exhibits because they represented offenses which occurred after the offense on trial. The court recognized this fact and made the ruling before Drake's counsel had an opportunity to object on the same ground. The court also discovered that the State cited the wrong case number for the prior offense used for enhancement in the information. Because of these developments, the proof only supported a conviction for driving while intoxicated, first offense.

Drake contends that his court-appointed trial counsel provided ineffective representation. Specifically, he refers to his counsel's failure to object to the State's introduction of the prior conviction evidence at the punishment stage of the trial. In addition to the State's attempted use of two inadmissible convictions and its use of the wrong case number, it failed to prove that Drake was the same person as the one previously convicted.

In reviewing a point of error for ineffective representation of counsel, we look at the totality of the representation. *Strickland v. Washington,* 466 U.S. 668, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Perkins,* 706 S.W.2d 320 (Tex.Crim.App. 1986). To establish that his court-appointed representation requires reversal, Drake must show that his counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for the deficient representation, the outcome of the case would have been different. *Strickland v. Washington,* supra at 698, 104 S.Ct. at 2070. The scrutiny of counsel's performance must be highly deferential. *Id.* at 694, 104 S.Ct. at 2068; *see also, Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986).

█ Since Drake pleaded guilty to the offense, we need only consider the representation afforded him during the punishment stage. We find that the allegations of inefficient representation do not meet the *Strickland* standards for reversal. The record reveals that Drake's counsel would have properly objected to the State's improper enhancement evidence if the court had not acted so quickly before counsel had an opportunity to object. The court also alertly noticed the defect in the pleadings regarding enhancement and ruled accordingly, so counsel's failure to object to the defective pleading did not cause a different result. Moreover, counsel's failure to object to the State's introduction of the prior convictions without identifying Drake as the person convicted fails to meet the second prong of the *Strickland* analysis, because on cross-examination Drake admitted that he had committed each of the prior offenses. Thus, Drake has failed to show that the representation he received was so ineffective that it requires a reversal.

Drake also contends that he was denied due process and due course of law as guaranteed by the United States and Texas Constitutions, because the trial court failed to admonish him concerning the consequences of a plea of guilty, thereby failing to insure that his plea was voluntarily and intelligently made.

█ Drake recognizes that Texas law does not require that the trial court admonish a defendant in a misdemeanor case as to the consequences of his guilty plea, as it

does in felony cases. Tex.Code Crim.Proc. Ann. arts. 26.13, 27.14 (Vernon Supp.1988). Nevertheless, he argues that when the consequence of a guilty plea in a misdemeanor is some form of imprisonment, due process requires that the plea be voluntarily and intelligently given, and that a full admonishment by the trial court is necessary to insure that the plea is voluntarily and intelligently entered. We agree that due process in such a case requires a voluntary and intelligent entry of the plea. We disagree that due process requires a full admonishment by the trial court in misdemeanor cases or that the State must make an affirmative showing of the defendant's knowledge. We believe it is the accused's burden to show that he did not understand the nature and consequences of his plea or that he was misled to his detriment by some plea bargain or promise.

We further note that it is not necessary that the trial judge personally inform the defendant of the punishment. It is only necessary that the defendant have the information from some source. *See Quiroz v. Wawrzaszek*, 749 F.2d 1375 (9th Cir. 1984), *cert. denied*, 471 U.S. 1055, 105 S.Ct. 2119, 85 L.Ed.2d 483 (1985); *McMillan v. State*, 727 S.W.2d 582, 584 (Tex.Crim.App. 1987).

 To determine if there is a showing of an intelligently and voluntarily given guilty plea, we consider the entire record. *Williams v. State*, 522 S.W.2d 483 (Tex. Crim.App.1975). Here, the record appears to support the State's contention that Drake was competent and that he voluntarily and intelligently entered his guilty plea. The trial judge stated in open court that he had been informed by Drake that he wanted to change his plea to guilty to the misdemeanor offense of driving while intoxicated, and he asked Drake, "Is that what you want to do, Mr. Drake," to which Drake replied, "Yes, sir." The judge then asked Drake how he pleaded, and Drake replied, "Guilty." Drake also testified in the punishment phase about his prior convictions for the same offense, thus showing that he was familiar with the offense and the type of punishment provided for it. There is no indication of any plea bargain or promise of lenient recommendation by the prosecutor, or any other fact which might have misled Drake about the consequences of his plea. Drake was afforded full representation by an attorney, which representation we have found was reasonably effective. Drake thus has failed to demonstrate that he did not understand the consequences of his plea or that he was misled in any way to his harm.

For the reasons stated, the judgment of the trial court is affirmed.