**Kurt Wayne TATUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-86-00889-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 5, 1991.

Discretionary Review Granted Dec. 12, 1991.

Charles F. Baird, Michael B. Charlton, Houston, for appellant.

Kathlyn Giannaula, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION ON REMAND

J. CURTISS BROWN, Chief Justice.

Appellant was convicted of involuntary manslaughter and assessed a probated sentence of eight years' confinement in the Texas Department of Corrections[1] and a fine of $5,000. In an unpublished opinion, this court affirmed the judgment of conviction. On appellant's petition for discretionary review, the Court of Criminal Appeals reversed and remanded this cause for a consideration of the merits of appellant's seventh point of error. *Tatum v. State,* 798 S.W.2d 569 (Tex.Crim.App.1990). We affirm.

Appellant's seventh point of error asserts that the trial court erred in admitting proof of appellant's prior conviction for driving while intoxicated, during the punishment phase of the trial. Appellant argues that the prior conviction is void because he was not admonished as to the range of punishment upon his plea of guilty in that case. Appellant filed a motion in limine before trial wherein he requested that the State not be allowed to mention that he had been convicted of this void misdemeanor offense. A hearing was held on appellant's motion and, relying upon *McMillan v. State,* 703 S.W.2d 341

(Tex.App.—Dallas 1985), *rev'd,* 727 S.W.2d 582 (Tex.Crim.App.1987), appellant made an offer of proof stating that if he were to testify, he would testify that he was not admonished by the trial judge prior to taking the plea in Cause No. 702,498. Appellant's counsel also made an offer of proof stating that in his experience, none of the judges of the Harris County Criminal Courts at Law admonish defendants as to the range of punishment before they enter their pleas. On original submission, we held that appellant failed to introduce any evidence that he was not informed of the range of punishment before entering his guilty plea. As our Court of Criminal Appeals has held that appellant's offers of proof were sufficient to preserve his point of error for appeal, we will now consider the merits of appellant's claim. *See Tatum,* 798 S.W.2d at 572.

Article 26.13 of the Texas Code of Criminal Procedure provides the admonishments which must be given to a defendant by the trial court upon a plea of guilty or nolo contendere, and includes the "range of punishment" admonishment. TEX.CODE CRIM. PROC.ANN. art. 26.13 (Vernon 1989). It is well established, however, that article 26.13 is applicable only to felony offenses. *E.g., McGuire v. State,* 617 S.W.2d 259, 261 (Tex.Crim.App. [Panel Op.] 1981); *Johnson v. State,* 614 S.W.2d 116, 120 n. 1 (Tex. Crim.App. [Panel Op.] 1981) (Opinion on rehearing); *State v. Kanapa,* 795 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

In *McMillan v. State,* the Dallas Court of Appeals held that, although not required by article 26.13, due process of law requires that a misdemeanor defendant be admonished of the maximum term of imprisonment where the sentence includes imprisonment. Finding no admonishment in the record, the court reversed the judgment of the trial court. 703 S.W.2d at 345. The Court of Criminal Appeals reversed the Dallas court upon its finding that an admonishment had been given. 727 S.W.2d at 584. Given the specific issue raised in the State's petition for discretionary re-

1. Presently known as the Texas Department of Criminal Justice, Institutional Division.

view, the Court did not address the Dallas court's finding in regard to a constitutional requirement that a misdemeanor defendant be informed of the punishment range. *Id.*

In *State v. Kanapa,* the Houston First Court of Appeals held that the Dallas court's due process holding in *McMillan* is inapplicable in a case where the appellant is collaterally attacking a prior misdemeanor conviction in which probation was assessed and successfully completed and no jail time had ever been served. 795 S.W.2d at 38. We agree. In the present case, appellant is making a collateral attack upon a prior misdemeanor conviction in which he was assessed a minor fine and a probated ninety day sentence. Appellant successfully completed his probation and served no jail time. If the trial court did not admonish appellant as to the range of punishment in that case, such circumstance would not render the conviction void. *See id.* Accordingly, we hold that the trial court did not err in admitting the prior conviction into evidence. Appellant's seventh point of error is overruled.

The judgment of the trial court is affirmed.