TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00417-CR







Jeffrey Kyle Stephens, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 93-38765-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty to possessing less than two ounces of marihuana. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.121, 1989 Tex. Gen. Laws
2230, 2939 (Tex. Health & Safety Code Ann. § 481.121, since amended). The county court at
law initially deferred adjudication and placed appellant on probation. The court subsequently
revoked the deferred adjudication probation, adjudged appellant guilty, and assessed punishment
at incarceration for six months and a $1000 fine. The court suspended imposition of sentence and
again placed appellant on probation.

 Appellant waived counsel at trial. In his first point of error, appellant contends the
court erred by failing to admonish him of the dangers of self-representation. A misdemeanor
defendant who appears without counsel to confess his guilt need not be admonished of the
disadvantages of self-representation. Cooper v. State, 854 S.W.2d 303, 304 (Tex. App.--Austin
1993, no pet.). Moreover, the judgment recites that "the defendant, after being warned,
knowingly and intelligently waived his right to counsel." There is nothing in the appellate record,
which does not contain a statement of facts, to contradict this recital. Point of error one is
overruled.

 Appellant also contends the court erred by failing to admonish him regarding the
range of punishment attached to the offense. We will assume without deciding that due process
requires such an admonishment. McMillan v. State, 703 S.W.2d 341, 343-44 (Tex. App.--Dallas
1985), rev'd, 727 S.W.2d 582 (Tex. Crim. App. 1987). At the time he entered his plea of guilty,
appellant signed a document acknowledging that he was "admonished as to the nature and
elements of the offense you are charged with having committed and the range of punishment for
that offense." This recital, which is also uncontradicted, is sufficient to demonstrate that appellant
was advised of the punishment range. McMillan, 727 S.W.2d at 584. Point of error two is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 21, 1995

Do Not Publish