**Eric PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00242–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 7, 1999.

Decided Nov. 4, 1999.

Rehearing Overruled Nov. 30, 1999.

Kevin McCarter, Marshall, for appellant.

Todd E. Fitts, Asst. Dist. Atty., Marshall, Richard Berry, Jr., Crim. Dist. Atty., Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Eric Perkins pleaded guilty to a misdemeanor assault against a coach/teacher of the Marshall School District. There was no plea bargain, and the trial court set Perkins' punishment at confinement in jail for 365 days and a fine. The court later remitted the fine.

Perkins was not represented by an attorney at the time he entered his guilty plea and the court assessed his punishment. After his conviction Perkins retained a lawyer, who filed a motion for new trial. The trial court conducted a hearing on the motion, and several witnesses, including the victim and Perkins, testified. Among other things, Perkins' motion for new trial requested that the court modify his punishment to grant him probation instead of confining him to jail. The court overruled Perkins' motion. The court did, however, make provisions for Perkins to have "work release" pursuant to TEX.CODE CRIM. PROC. ANN. art. 42.033 (Vernon Supp. 1999), so he could attend school if he wished. The court also appointed new counsel for Perkins so that he could appeal, and released him on bond pending the resolution of his appeal.

Perkins raises four issues. He contends that his guilty plea was not intelligently and voluntarily made because he was not admonished as to the range of punishment for the offense; the trial court had no jurisdiction because the information was never filed; the trial court erroneously conditioned Perkins' punishment on his willingness to identify other persons who joined him in the assault; and the trial court abused its discretion when it required Perkins, while on work release, to wear his orange-colored jail suit. We overrule these contentions and affirm the judgment.

Texas statutes require that in a felony case, before a plea of guilty or nolo contendere is accepted, the defendant must be admonished of his rights and certain other facts, including the range of punishment allowable for the offense. TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1999), art. 27.13 (Vernon 1989). The statutes do not require such admonishments in misdemeanor cases. TEX.CODE CRIM. PROC. ANN. art. 27.14 (Vernon Supp. 1999). We have held that due process does not require that the record in a misdemeanor case show that an admonishment was given, and that the defendant has the burden to show that he was misled in entering his plea because of a missing or defective admonishment. *See Drake v. State,* 756 S.W.2d 43 (Tex.App.-Texarkana 1988, no pet.). Recent cases, however, have indicated that to satisfy due process, the record in misdemeanor cases must affirmatively show that the defendant was admonished as to the range of punishment, although the information need not necessarily come from the trial court, but may be otherwise made available to the defendant. *See McMillan v. State,* 703 S.W.2d 341 (Tex.App.-Dallas 1985), *rev'd on other grounds,* 727 S.W.2d 582 (Tex. Crim.App.1987).[1]

Perkins signed and the court approved a written waiver of rights before he pleaded guilty. The waiver, however, says nothing about the range of punishment for the offense, and there is nothing in the record before us to indicate that Perkins was in any way informed about the possible punishment he could receive if convicted.

Assuming that it was error for the court to accept Perkins' guilty plea and convict him without seeing that he was informed about the range of punishment, we find that the error is harmless beyond a reasonable doubt in that it did not contribute to the conviction or to the punishment. TEX.R.APP. P. 44.2(a).

■ There is no doubt that all trial errors, even constitutional errors and those relating to mandatory requirements, are subject to a harmless error analysis, unless the errors are those that the United States Supreme Court has characterized as "structural errors." *See Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App.1997). Structural errors, as defined in *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), include the total deprivation of the right to counsel at trial, a judge who is not impartial, unlawful exclusion of members of the defendant's race from the grand jury, the right to self-representation, and the right to a public trial. While the list of structural errors in *Fulminante* is probably illustrative rather than exhaustive, we conclude that the failure to admonish a misdemeanor defendant of the range of punishment is not a structural error and is therefore subject to a harmless error analysis.

■ The record here demonstrates that Perkins was not harmed. Perkins has never claimed that he was misled to his prejudice or that he did not know the range of punishment for the offense with which he was charged. Perkins testified at the hearing on his motion for new trial, and he never contended that he did not know the range of punishment, that he had in any way been misled by the absence of an admonishment, or that his plea was involuntary. Indeed, at the hearing on his motion for new trial, Perkins was represented by retained counsel, who informed the trial judge that Perkins did not so much want a new trial but only wanted his sentence modified so he would be placed on probation rather than confined to jail. Although the State had the burden to affirmatively show the lack of harm, Perkins in this case has effectively conceded that he was not misled or harmed. We believe this is a sufficient showing of a lack of harm.

Perkins also contends that the trial court had no jurisdiction because the information charging the offense was not filed. He bases this contention on the fact that the information, a copy of which is in the

---

1. *See also Ex parte Dumitru,* 850 S.W.2d 243 (Tex.App.-Houston [1st Dist.] 1993, no pet.).

record, does not contain a mark or stamp showing that it was filed. Texas law provides that the information shall be based on an affidavit, also known as the complaint. TEX.CODE CRIM. PROC. ANN. art. 21.20 (Vernon 1989). The statutes also provide that the affidavit shall be filed with the information. TEX.CODE CRIM. PROC. ANN. art. 21.22 (Vernon 1989). The record in this case contains both the complaint and the information. The complaint appears first and contains a stamp showing that it was filed.

An information is filed when it is delivered to or left with the clerk, despite the absence of a file stamp on the document. *See Williams v. State,* 767 S.W.2d 868 (Tex.App.-Dallas 1989, pet. ref'd); *Queen v. State,* 701 S.W.2d 314 (Tex.App.-Austin 1985, pet. ref'd). The information here was obviously delivered to or left with the clerk, because it is a part of the clerk's record. We conclude that it was properly filed along with the complaint.

Perkins next contends that he was denied due process because the trial court exhibited bias against him by conditioning a consideration of probation on whether Perkins revealed the identity of his confederates in the assault.

We first note that the comments alleged to show bias were made by the trial court after, not before, it found Perkins guilty, set his punishment, and sentenced him. The comments were made at the conclusion of a hearing on Perkins' motion to modify his sentence by placing him on probation instead of confining him to jail. In other words, the comments of the court were not made in connection with the initial assessment of punishment, but only with regard to the court's subsequent consideration of Perkins' plea for modification of his sentence to award probation. Despite its style as a motion for new trial, trial counsel for Perkins made it clear to the court that the main focus of Perkins' motion was not to secure a new trial but to get Perkins placed on some kind of probation.

There is no fundamental right to receive probation. In a bench trial it is within the discretion of the trial court whether a defendant may receive probation. *Flores v. State,* 904 S.W.2d 129, 130 (Tex.Crim.App.1995). The court's comments reveal the trial judge's exercise of that discretion. He voiced his concern, not only about Perkins' alleged inability to name those who participated with him in the assault, but also about the safety of public officials, school teachers, and the public generally. The comments show nothing but the court's careful consideration of whether Perkins had shown that he was worthy of probation. We conclude that Perkins has not demonstrated bias on the part of the trial court that constituted a denial of due process.

In his last two points, Perkins alleges that the trial court abused its discretion in ordering that when Perkins chose to avail himself of the work release provision of his sentence, he must wear his orange-colored jail jumpsuit. Perkins contends that this provision violates the work release provisions of TEX.CODE CRIM. PROC. ANN. art. 42.033 (Vernon Supp.1999), deprives him of due process, and constitutes cruel and unusual punishment.

Article 42.033 does not explicitly authorize the court to require a certain kind of attire when a prisoner is on work release, but it also does not prohibit such a requirement. In fact, the statute expressly authorizes the court to attach conditions regarding the employment, travel, *and other conduct* of the defendant during the performance of his sentence. TEX.CODE CRIM. PROC. ANN. art. 42.033(a). We find that the court's restriction in this case does not violate the provisions of Article 42.033.

We also find that the court's provision about the jumpsuit was not an abuse of discretion that denied Perkins due process or that constituted cruel and unusual punishment. Perkins contends that the purpose for the court's order is simply to humiliate him. We see nothing in the record to substantiate this claim. Rather,

the trial court could reasonably have ordered the restriction for two altogether appropriate purposes: to identify Perkins when he was free among the public, and to monitor his movements in order to prevent his absconding or repeating his violent conduct; and to deter others who might be tempted to emulate his conduct.

Work release is not a right. It is an act of grace on the part of the court. When a prisoner is on work release he is still in the constructive custody of the court. The court has a legitimate right to restrict work release conditions in order to protect the public, prevent escape, and deter future criminal conduct. One of the legitimate goals of criminal penalties is to deter crime by others and recurrent offenses by the convicted miscreant. *See* Tex. Pen. Code Ann. § 1.02(1)(A),(C) (Vernon 1994). Just as a prisoner in actual custody who is allowed to work and be seen in public may be required to wear identifying jail clothing, so may Perkins be required to wear such clothing while he is in constructive custody.

Authorities condemning the trial of defendants while they are shackled or clothed in prison garb are inapposite to the situation here. The due process violations in those cases result from the fact that a defendant's presumption of innocence at trial is compromised when jurors are allowed to see him in shackles or jail clothing. That is not the case here. Perkins is entitled to no presumption of innocence. He has been duly convicted of a violent assault, and that upon his personal admission of guilt in open court and upon his own judicial plea of guilty.

Perkins argues that the effect of the court's order is to humiliate him. Such humiliation, however, is the inevitable result of a conviction in a public trial for a criminal offense. Moreover, it is humiliation that the prisoner has brought upon himself.

For the reasons stated, we affirm the judgment of the trial court.

Dissenting Opinion by Justice GRANT.

It is difficult for an appellate court to review a case in which there is no reporter's record. I recognize that Perkins waived many of his rights, including his right to the making of a record, but the trial judge has a duty to determine that waivers of fundamental rights are voluntarily and intelligently made. The seventeen-year-old defendant was not represented by an attorney at the time his guilty plea was entered and his punishment was assessed.[2] Fundamental fairness requires that the defendant in a criminal case understand the nature of the proceeding and the possible consequences. The question this Court is asked to decide is whether the defendant's due process rights were violated when the trial court failed to admonish him as to the range of punishment and there was no showing that the defendant was aware of the range of punishment when he entered his plea of guilty.

## IS ADMONISHMENT OR KNOWLEDGE OF THE RANGE OF PUNISHMENT REQUIRED IN MISDEMEANOR CASES?

The majority opinion holds that the statutes do not require admonishments in mis-

---

**2.** Although this dissent is based solely on the issue of admonishment and the defendant's understanding of the range of punishment, I want to briefly address the contention that the trial court's comment at the post-trial hearing showed bias. The complained-of statement included the following: "And I urge you to search your memory, Mr. Perkins, while you are in jail, and if your memory improves, then we may consider some sort of a modification."

Cooperation with the police is a matter that may be considered in sentencing and granting

probation; however, a judge should be careful not to go outside his role as a judge and assume the role of prosecutor by openly plea bargaining with the defendant. Upon a recommendation by the State, the judge could certainly consider modification based upon the defendant's cooperation with the State, but our system does not encourage the judge to adopt a dual role in the sentencing process. Yet, in this case I would not find this to be harmful error because it happened after the finding of guilt and sentencing.

demeanor cases, citing TEX.CODE CRIM. PROC. ANN. art. 27.14 (Vernon 1989). Most of Article 27.14 deals with misdemeanors for which the maximum possible punishment is a fine. The statute itself does not specifically require an admonishment, nor does it provide that no admonishment be given. Some earlier cases citing the statute have concluded that an admonishment is not required for misdemeanors. But Perkins does not seek relief under this statute, but rather under the Due Process Clause of the United States Constitution.

Due process requires that a defendant's guilty plea not only be voluntary but "be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and *likely consequences.*" *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (emphasis added). Hence, in a felony case, failure to admonish a defendant as to the range of punishment, or at least the maximum possible punishment, renders his guilty plea invalid on constitutional and not just statutory grounds. *See Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.1982); *Wade v. Wainwright,* 420 F.2d 898 (5th Cir.1969). And, when a defendant is charged with an offense for which jail time can be received, we should not make a distinction between felonies and misdemeanors for the purpose of constitutional due process. The no-distinction standard between felonies and lesser offenses which carry a punishment of imprisonment has been applied to a number of due process rights through the Fourteenth Amendment. *See Argersinger v. Hamlin,* 407 U.S. 25, 30–37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (holding that the defendant was entitled to counsel when the offense for which he was tried could result in the imposition of a jail sentence); *Mayer v. City of Chicago,* 404 U.S. 189, 195–97, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971) (holding that its right of due process re-

quires that an indigent be furnished a record of the trial to satisfy whether it is a felony or nonfelony prosecution).

In *McMillan v. State,* the Court of Appeals held that due process requirements are applicable to misdemeanors and that a guilty plea is not voluntary if the defendant is not admonished as to the range of punishment. The court further held that, for the purpose of determining whether a guilty plea is voluntarily made, there should be no distinction between felonies and nonfelonies that result in imprisonment. As such, the Court of Appeals determined that the defendant's guilty plea was involuntary because there was no showing in the record that the defendant knew the range of punishment when he entered his plea. However, the Court of Appeals judgment was reversed by the Court of Criminal Appeals. *McMillan v. State,* 727 S.W.2d 582 (Tex.Crim.App. 1987). The Court of Criminal Appeals limited its decision to the specific issue raised by the State's petition and only considered whether the record affirmatively showed that the defendant knew the punishment range for the misdemeanor offense to which he pled guilty. The Court found that the defendant stated on the record that he knew the range of punishment.

In a later case, *Tatum v. State,* 846 S.W.2d 324 (Tex.Crim.App.1993), the Court of Criminal Appeals again declined to address the question of whether the record in a misdemeanor case must reflect a judicial admonishment as to the range of punishment and remanded the matter to the Court of Appeals.[3] On remand, the Court of Appeals held that the defendant must be aware of the range of punishment he might receive after pleading guilty, but that this can be shown without judicial admonishments. Unlike the present case, *Tatum* involved a collateral attack in a

---

3. In *Tatum,* the Court of Criminal Appeals acknowledged that they had previously declined to address the constitutional issue in the *McMillan* case. The Court gave the following explanation: "We held that contrary to the court of appeals' finding, McMillan was adequately informed on the record of the maximum punishment, so that the federal due process requirement, if any, was satisfied. We expressly declined to address the constitutional question." *Tatum,* 846 S.W.2d at 326 n. 1.

habeas corpus proceeding, therefore, the defendant had the burden to show harm. Ultimately, the case was determined based on this burden, as the Court held that the defendant failed to show harm.

I agree with the Court of Appeals in *McMillan* and *Tatum.* In a misdemeanor case that results in imprisonment, due process requires that the defendant know the range of punishment before entering a plea of guilty. Therefore, because there was no showing in this case that Perkins was aware of the range of punishment, the trial court committed error by failing to admonish him.

## WHAT IS THE APPROPRIATE HARM ANALYSIS FOR THE TRIAL COURT'S FAILURE TO ADMONISH?

The Court of Criminal Appeals has recently written on the trial court's failure to provide the defendant's statutory admonishment on the range of punishment before accepting a guilty plea. *See Aguirre–Mata v. State,* 992 S.W.2d 495 (Tex.Crim. App.1999). In *Aguirre–Mata,* the Court held that nonconstitutional harm analysis applies to the trial court's failure to admonish on the range of punishment in compliance with Article 26.13(a)(1), and as such, the defendant has the burden to show harm on appeal. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon 1989). The Court of Criminal Appeals was careful to point out that this case was not decided on constitutional due process grounds, because only the violation of Article 26.13(a)(1) was complained about on appeal. In the present case, constitutional

due process is raised, and the harmless error rule for constitutional errors puts the burden on the State to prove beyond a reasonable doubt that the error was harmless.[4] TEX.R.APP. P. 44.2(a).

In *Boykin v. Alabama,*[5] the United States Supreme Court held that "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). The Court in *Boykin* further said that "Presuming waiver from a silent record is impermissible." *Boykin,* 395 U.S. at 242, 89 S.Ct. 1709. According to the *Boykin* case, the record must show, or there must be an allegation the evidence would show, that an accused was offered counsel but intelligently rejected the offer.[6] Anything less is not waiver.

The same standard applies to determining whether a guilty plea is voluntarily made in the absence of a proper admonishment. An affirmative showing, in the record, that defendant knew the range of punishment to which he was subjecting himself is constitutionally required. *See Price v. State,* 866 S.W.2d 606, 615 (Tex. Crim.App.1993), *citing Boykin,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The majority in the present case concludes that failure to admonish as to the range of punishment is not a structural error requiring automatic reversal, but that it is a constitutional error. Assuming arguendo that it is not a structural error, the majority correctly takes the position

4. It should be pointed out that the application of a state harmless error rule by a state court reviewing a state question involves only errors of state and procedural state law; however, when a state criminal conviction involves federal constitutionally guaranteed rights, the requirements are federal in nature. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

5. In his brilliant concurring opinion in *High v. State,* 998 S.W.2d 642, 645 (Tex.App.-Houston [1st Dist.] 1999, no pet. h.), Justice Murry

Cohen discusses a similar case in which there is no record of any admonishment as to deportation consequences. Justice Cohen explains and gives a background on *Boykin.*

6. The two dissenting justices in *Boykin* explain that the majority required reversal "solely" because no admonishments were in the record and that the majority did so even though Boykin never even alleged, much less proved, his guilty plea was involuntary or that he did not know the consequences.

that the State has the burden of proving the error was harmless beyond a reasonable doubt. Yet, for proof that Perkins was not harmed, the majority surreptitiously points to the fact that Perkins never contended or testified that he did not know the range of punishment. As such, the majority has effectively .shifted the burden from the State to the defendant. Silence by the defendant does not fulfill the State's burden of proving that the defendant was not harmed by the error. *See Boykin,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. This is not an affirmative showing by the State that there was no harm, and Perkins never conceded that he was not misled or harmed.

For this reason, this case should be reversed and remanded for a new trial.