In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00010-CR
______________________________


ALISON KATHERINE HENDERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31893-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Alison Katherine Henderson pled guilty to the offense of credit card abuse


 as charged in the
State's indictment and submitted the issue of sentencing to the trial court without the benefit of a
negotiated plea agreement. Henderson's written judicial confession was admitted as part of the plea
proceedings. The trial court assessed Henderson's punishment at two years' confinement in a state-jail facility, probated for a period of five years. As a condition of her community supervision, the
trial court ordered Henderson to spend 180 days in jail. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 15(d) (Vernon Supp. 2006). Henderson now appeals. 
            Henderson's appellate counsel filed an Anders


 brief in which she professionally discussed
the record, described the issues reviewed, and concluded there were no arguable grounds for appeal. 
As required by Anders, counsel also filed a motion to withdraw. Counsel sent Henderson a copy of
the appellate brief and informed her of the right to file a response pro se and of her right to review
the record. On June 30, 2006, we timely received Henderson's responsive brief, in which she raises
five potential issues.
I.         Is the Evidence Legally Sufficient to Support Henderson's Conviction?
            In the first issue of her responsive brief, Henderson contends the evidence is insufficient to
support her conviction. It is well settled that a judicial confession alone is sufficient to sustain a
conviction on an accused's guilty plea. See, e.g., Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim.
App. [Panel Op.] 1979) (op. on reh'g); Stewart v. State, 12 S.W.3d 146, 148 (Tex. App.—Houston
[1st Dist.] 2000, no pet.). Henderson signed a "stipulation of evidence" in which she affirmed,
All of the matters and things set forth and alleged in the Indictment herein are
true and correct in that on the 4th day of May, 2004, in the County of Gregg and State
of Texas, I, ALISON KATHERINE HENDERSON, did then and there intentionally
or knowingly appropriate, by acquiring and otherwise exercising control over,
property, to wit: a credit card, namely, an Exxon credit card, from Kim Walker, the
owner thereof, without the effective consent of the owner, and with intent to deprive
the owner of the property, as charged in the Indictment.
We conclude Henderson's "stipulation of evidence" provides legally sufficient evidence to support
the trial court's judgment, as the confession constitutes an admission to the entirety of the crime
alleged in the State's indictment.



II.       Was Henderson's Plea Taken in Violation of Her Due Process Rights?
            In her second point of error, Henderson contends her plea was not made knowingly or
intelligently. She argues that she "did not have a full understanding of everything . . . ." Due process
requires that a guilty plea be not only voluntary, but also that it be made willingly, knowingly,
intelligently, and "with sufficient awareness of the relevant circumstances and likely consequences." 
Perkins v. State, 7 S.W.3d 683, 688 (Tex. App.—Texarkana 1999, pet. ref'd) (quoting Brady v.
United States, 397 U.S. 742, 748 (1970)). 
            Before taking her plea, the trial court inquired about Henderson's current age, her length of
secondary education, whether she could read and write in the English language, and whether she had
any history of insanity or mental illness or incompetency. Henderson responded that she was twenty-one years old, had finished the eleventh grade, could read and write in English, and had no history
of insanity or mental illness or incompetency. Henderson then told the trial court that she fully
understood "the exact nature of the accusation" being brought against her. The trial court asked
Henderson if she did, in fact, sign the aforementioned stipulation of evidence and whether she had
read and understood the document. Henderson said that she had personally signed this document
and that she understood it. She also told the court that her trial counsel had answered all her
questions about that judicial confession to her satisfaction. 
            The record before us shows Henderson's guilty plea was made willingly, knowingly,
intelligently, and with full understanding of the plea's consequences. She now asserts that her trial
counsel should have withdrawn the guilty plea after Henderson asserted her desire to have the plea
withdrawn. However, the record before us does not show Henderson ever expressed a desire to
withdraw her guilty plea, even after given the opportunity to do so by the trial court. See Tex. R.
App. P. 38.1(h) (brief must contain citations to record for contentions made). We cannot grant relief
on a claim unsupported by the record before us.
III.      Did the Court Err By Permitting the Victim to Make a Sentencing Recommendation?

            In her third point of error, Henderson contends the trial court erred by taking into
consideration the victim's opinion regarding sentencing. Henderson asserts, "Under our Laws in
Texas, a victim's opinion is not allowed to be taken into consideration during the sentencing
process." Henderson is incorrect.
            At the time of the guilty plea and sentencing, the trial court reviewed a presentence
investigation (PSI) report concerning Henderson. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(a) (Vernon Supp. 2006). The PSI report contained a recommendation from the victim that
Henderson should not be granted probation (community supervision). The Texas Court of Criminal
Appeals has held that it is proper to include in a PSI report a victim's opinion concerning the
defendant's suitability for probation (community supervision). Fryer v. State, 68 S.W.3d 628, 633
(Tex. Crim. App. 2002). The trial court may consider such in determining the appropriate sentence
in a criminal case. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon Supp. 2006). 
IV.      Did Trial Counsel Provide Ineffective Assistance?
            Henderson next contends she received ineffective assistance from her trial counsel. 
Henderson contends that her trial counsel was under felony indictment at the time of her guilty plea
and that this prevented him from offering effective assistance. 
            To prevail on a claim of ineffective assistance of counsel, an appellant must show (1) that
counsel performed deficiently and (2) that, but for the alleged deficiency, there is a reasonable
probability the outcome of the case would have been different. Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986); Mumphrey v.
State, 155 S.W.3d 651, 665–66 (Tex. App.—Texarkana 2005, pet. ref'd). Any allegation of
ineffective assistance must be firmly founded in the appellate record, and the record before us must
affirmatively demonstrate the alleged ineffectiveness. Bone v. State, 77 S.W.3d 828, 835 (Tex.
Crim. App. 2002). If the record is silent, we may not conclude counsel's performance was deficient. 
See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
            The record before us contains no evidence Henderson's trial counsel was laboring under a
felony indictment at the time he represented her at her guilty plea. As such, the record provides no
evidentiary support for the basis of Henderson's claim for ineffective assistance. 
V.        Did the Trial Court Err By Following the State's Sentencing Recommendation?
            In her final point of error, Henderson contends the trial court erred by following the State's
recommendation that Henderson receive a probated sentence. She argues the trial court violated its
own informal rule against accepting negotiated plea agreements. 
            During the plea proceedings, the trial court made it clear that it was not a court that permitted
the use of negotiated plea agreements. However, at the conclusion of the plea proceedings, the trial
court seemed to follow the parties' joint recommendation of a probated sentence. (The record also
shows Henderson had asked to receive a probated sentence.)
            Nothing prevents the trial court from making an exception to or changing its policy
concerning negotiated plea agreements. Even if the trial court "violated" its policy, it is not the role
of this Court to enforce a policy of a particular trial court. In reaching a decision on the proper
sentence, the trial court may find wisdom in the recommendation of one party or another—or in the
parties' joint recommendation. In this case, the trial court went one step further than merely
following the parties' joint recommendation; the trial court also ordered that Henderson spend 180
days in jail as a condition of her community supervision,


 a condition suggested by neither party. 
            Moreover, Henderson has not shown she was harmed by the trial court's decision to, in large
part, follow the parties' joint recommendation. Stated more bluntly: Henderson got what she asked
for—a probated sentence—and therefore should not be given leave to complain about getting what
she wanted. Cf. Ex parte Williams, 65 S.W.3d 656, 658–59 (Tex. Crim. App. 2001) (Keller, P.J.,
concurring) (habeas applicant should be estopped from complaining about receiving sentence that
resulted from negotiated plea agreement); Mapes v. State, 187 S.W.3d 655, 658–60 (Tex.
App.—Houston [14th Dist.] 2006, pet. filed) (appellant estopped from complaining about sentence
because he enjoyed benefit of bargain).
VI.      Conclusion
            After thoroughly reviewing the record before us, we concur with appellate counsel's
assessment that there are no reversible errors in the proceedings below. 
            Accordingly, we affirm the trial court's judgment.


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          August 22, 2006
Date Decided:             August 23, 2006

Do Not Publish