

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00260-CR
No. 07-14-00261-CR

IDELFONSO RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Castro County, Texas
Trial Court Nos. A3223-0905 & A3224-0905, Honorable Robert W. Kinkaid, Jr., Presiding

January 27, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Idelfonso Ramirez was convicted of possession of a prohibited weapon and burglary of a building. In October of 2009, he pled guilty to both offenses, was adjudicated guilty, and was placed on community supervision for five years. The State filed a motion to revoke his community supervision in June of 2011. This resulted in a modification of appellant's probation and the extension of his community supervision until 2015. On August 29, 2012, the State moved to again revoke appellant's

community supervision.  The motion came to be heard on June 19, 2014 (that is, before the expiration of either the period of community supervision originally established or the period as extended). At that hearing, Appellant pled true to the violations, and his probation was revoked.   The sentences were pronounced in open court, and the judgments were signed by the trial court on that same date, June 19, 2014.  Appellant was sentenced to five years confinement for the prohibited weapon offense and two years confinement for the burglary offense.

Appellant argues before us that the court had no jurisdiction to revoke his community supervision because the second motion to revoke, the order for capias to issue, the order setting a hearing date, and the request for warrant for violation of community supervision do not show a file stamp by the court clerk.  The absence of that file-mark purportedly denied the trial court jurisdiction to proceed despite the fact that appellant's community supervision was revoked within both the initial and extended periods of probation.

To support his argument, appellant relies upon article 42.12 § 21(e) of the Code of Criminal Procedure.  It provides that "[a] court retains jurisdiction to hold a hearing . . . and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant." TEX. CODE CRIM. PROC. ANN. art. 41.12 § 21(e) (West Supp. 2014).

The second motion to revoke, the signed capias, and the other documents relating to the revocation proceeding appear in the clerk's record.  Furthermore, that

2

record is certified as accurate by the clerk.  So, it is clear that the documents were filed of record though the exact date may be unclear.  To that, we add the teachings of *Perkins v. State*, 7 S.W.3d 683 (Tex. App.—Texarkana 1999, pet. ref'd).  There, the appellant similarly argued that the trial court lacked jurisdiction because the information filed by the State did not contain a file stamp by the clerk.  In response, the court held that the information was filed when delivered to or left with the clerk despite the absence of the file stamp.  *Id.* at 686.  Furthermore, the document had clearly been left with the clerk because it was part of the clerk's record.  *Id.*  The same is true here.  The requisite documents appear in the clerk's record; so, they must have been filed.  Finally, all the proceedings occurred and were finalized within all pertinent periods of community supervision.

Accordingly, the trial court had jurisdiction to revoke appellant's community supervision, and we affirm the judgments doing so.


Brian Quinn
Chief Justice


Do not publish.

3